Hooper & Frazier, Plaintiffs in Error, vs. J. L. Farwell & Co., Defendants in Error.

WRIT OF ERROR TO THE DISTRICT COURT OF RAMSEY COUNTY.

Farwell & Co. sued Hooper & Frazier before a Justice of the Peace, both Defendants having been personally served with process. Upon the trial Hooper alone appeared, and proved that he had never been a copartner with Frazier. Judgment was rendered against Frazier alone, who appealed to the District Court: *Held*—that the appeal brought the case into the District Court in the exact condition it was in before the trial below, and that the trial should proceed in that Court as if originally commenced there. That the judgment of the Justice was not a dismissal of the action as to Hooper, and did not discharge him from the jurisdiction of the Court, acquired by the service of the original process, and that Hooper & Frazier were the parties appellant in the District Court.

The following are the points and authorities relied upon by the Counsel for the Plaintiffs in Error:

*First.*—The Plaintiffs in effect dismissed as to Hooper in the Justice's Court, by suffering him to give evidence in his own defence, although he had not answered in the action. The judgment of the Justice was a dismissal as to Hooper.

*Second.*—The District Court had no jurisdiction of Hooper. No party can appeal from a Justice's judgment unless he is *aggrieved* thereby. *Rev. Stat.*, p. 315, *Sec.* 123.

*No judgment* was rendered in the *Justice's Court against Hooper*, so that he *could not and in fact did not join in the appeal*, and therefore is *not a party* before the District Court so as to be bound by any of its proceedings.

The question for the jury in the District Court to try was upon the pleadings and facts proven, and their verdict was right; but the question for the Court on motion in arrest was upon all the record, and that showed that no judgment could be entered since the Court had no jurisdiction of the parties.

The action below was dismissed as to Hooper, and as to proceedings in this Court, he stood in the position of one who was a stranger to the action, and judgment could not be entered against him.

*Third.*—Nor could judgment have been rendered against Frazier alone in the District Court, for the judgment must follow the verdict or be arrested.

The Court would have no authority where the verdict was against *two jointly* to discriminate and render judgment against one only. And in this case the Defendants *being sued as partners, were not severally liable. Collyer on Part.* 630, (3*d. Am. Ed.*); 1 *Chit. Pl.* (10*th Am. Ed.*) 44, 45, *and authorities there cited;* 2 *Johns. Cas.* 382; 1 *Wash C. C.* 9; 1 *Peters* 316; *Kirby* 87.

The following are the points and authorities relied upon by the Counsel for Defendants in Error:

*First.*—Upon an appeal being taken from a judgment in Justice's Court to the District Court, and perfected, the case stands the same in the District Court as if it had been originally commenced there, and the issue to be tried in the District Court is the same as it was in the Court below. *Rev. Stat. of Min., page* 316, *Sec.* 11.

*Second.*—The Plaintiff in Error brought the case into the District Court in the manner and form in which it came there; and as the case then stood the verdict and judgment was proper. The errors, if any, were committed by the Plaintiff in Error, and they cannot derive any advantage, or have the case reversed for their own errors.

*Third.*—The Plaintiffs in Error nominally do not join in error, and the case is brought here without the approval, knowledge or consent of Hooper.

The suit should therefore be dismissed. *Thomas vs. Wyatt,* 9 *Smede & Marsh* 303; *Milton vs. Heard,* 1 *English* 73; *Harrington vs. Roberts,* 7 *Geo.* 510; *Harm vs. Rees,* 2 *Green* 190; *Duncan vs. Hengrove,* 22 *Ala.* 150.

D. C. COOLEY, Counsel for Plaintiffs in Error.

SANBORN, FRENCH & LUND, Counsel for Defendants in Error.

*By the Court*—FLANDRAU, J. Both Hooper and Frazier, the Defendants in the Justice's Court, were personally served with the process, Hooper alone appeared and swore that he had no interest in the matter, and was not and never had been

a partner of the Defendant, Frazier. The Justice rendered judgment against Frazier alone for the amount of the Plaintiffs' claim. Whether he had any right to render such judgment, or should have found for the Defendants, is of no interest here, and will not be considered, as the appeal brings the case into the District Court, in the exact condition it was in before the trial below, and the District Court proceed to try it "in the same manner as near as may be, as in actions originally commenced in that Court." *Stats. of Minn., New Ed., page* 517, *Sec.* 139. The issues are the same unless changed by the Court. *Ib. Sec.* 140. It was the suit of J. L. Farwell & Co. against Hooper & Frazier, that came up by the appeal, and not J. L. Farwell & Co. against Frazier alone, as contended by the Counsel for the Plaintiff in Error. The very reason of the bringing of the appeal was because Hooper was allowed to go clear and the judgment rendered against Frazier alone, which Frazier succeeded in showing the District Court was wrong, and procuring the judgment to be rendered against himself and Hooper jointly, as it would have been below had the proof been the same as Frazier made it in the District Court.

The error which the Counsel for the Plaintiff in Error has fallen into, is that the judgment in the Justice's Court against Frazier alone was a dismissal of the action as to Hooper, so as to place him beyond the jurisdiction of the Court, or rather to discharge his person from the jurisdiction acquired by the service of the original process upon him, and that the appeal was consequently confined to Frazier, and the District Court had jurisdiction of his person alone. He then claims that Frazier, by proving the demand to be against himself and Hooper jointly, the Plaintiffs must be non-suited, as the action is against Frazier alone. This is quite an ingenious way of avoiding a judgment, but the theory is not tenable. The appeal brought the case into the District Court, and that Court became possessed of it, and obtained jurisdiction of the parties just as fully as had the Court below, at the time of the first joining of issue.

Suppose Hooper had never been served at all, the demand being against him as a joint contractor with Frazier, the Court

would have become possessed of jurisdiction over his person the moment the summons was served upon Frazier, (*Stats. of Minn., New Ed., p.* 533, *Sec.* 14,) and could have rendered a judgment against him jointly with Frazier, upon which the joint property of Hooper with Frazier could have been seized and sold. *Ib. p.* 539, *Sec.* 57, *subd.* 1. Now when the cause came into the District Court the Plaintiff was still urging his demand against the two jointly, and had one at least of them in Court; if he succeeded in establishing a joint-demand against the two, under section 57 above cited he was certainly entitled to his judgment against them both, whether Hooper was served or not. This is all that he has obtained, and the Plaintiff in Error has nothing to complain of. Such would have been the result had the suit been brought in the District Court and Frazier alone served.

If Frazier thought the Justice had committed an error in law in rendering a separate judgment against him, his proper course would have been to have asked to review it by a writ of certiorari, but he seems to have felt aggrieved by the judgment not having been rendered against them both, which he corrected on appeal, the only mode by which that could have been done.

We think there was no error in the District Court, and that the judgment should be affirmed.