PHLEMING D. JOHNSON *vs.* JAMES W. LOUGH & another.

October 4, 1875.

**Action against Joint Contractors—Form of Judgment.**—In an action founded on a joint demand arising on contract, whether all the defendants are served with summons or not, the only judgment that can be rendered is a joint one, in favor of or against them all.

**Same—Where a Defendant is not Served with Summons.**—Where, in such an action, the summons is served on one only of two joint debtors, and judgment is thereupon entered in form against both jointly, to vacate and set aside such judgment on that ground, as against the defendant not served, is error.

Plaintiff having recovered a joint judgment by default, in the district court for Scott county, against the defendants,

Lough and Pitman, in this action, on their joint promissory note, the defendant, Lough, moved in the adjoining county of Dakota, before *Crosby*, J., to vacate the judgment and all subsequent proceedings as to him on the ground that he had never been served with the summons in the action. The motion was granted, and plaintiff appealed

*Henry Hinds*, for appellant.

*John L. Macdonald*, for respondent.

CORNELL, J. In an action founded on a joint demand arising on contract the only judgment that can be rendered is a joint one, either in favor of or against all the defendants. The cause of action being joint, a several judgment cannot be rendered. Our statute (Gen. St. ch. 66, § 52) provides the mode of procedure when only a part of the joint obligors, and not all, are served with the summons. It provides that the judgment may be entered against all the defendants jointly indebted, and declares, as its effect, that it may be enforced against the joint property of all, and the separate property of the defendants served. In case it is desired to subject to the judgment the separate property of the parties not served, § 256, ch. 66, provides for summoning them to show cause why they should not be bound by the judgment in the same manner as if they had been originally summoned. These sections are substantially those of the New York Code—§ 52, in fact, being a literal transcript therefrom. There the practice under them, as well settled, is to enter judgment against all the joint debtors, issue execution in conformity with it, and endorse thereon a direction to the officer executing the writ to collect the amount thereof out of the joint property of all, and the separate property of those served with the summons, but not out of the separate property of those not served, naming them. Whitaker's Pr. 491, 502; *Sterne* v. *Bentley*, 3 How. Pr. 331; *Merrifield* v. *Cooley*, 4 Id. 272; *Mech. & Farmers' Bank* v. *Rider*, 5 Id. 401; *Hooper* v. *Farwell*, 3 Minn. 106.

The cause of action in this case was a joint promissory note against both defendants, Lough and Pitman. Conceding that Lough was never served with the summons, still, if Pitman was, the court thereby acquired jurisdiction over the persons of both defendants to enable it to render a judgment against both jointly. *Hooper* v. *Farwell*, 3 Minn. 106. In fact, any other judgment would have been improper and unauthorized.

The judgment that was actually entered in this case was proper in form, even though no service of summons had ever been made on Lough. If, however, plaintiff should attempt to enforce it by a levy upon his individual property, it would be the duty of the court, upon proper application and showing, on motion, to set aside the same, but not to vacate the judgment. Had the motion to set aside the levy which was made in this case been based upon that ground, and the fact of no service of the summons on him been established by competent evidence, instead of being made on the ground stated, we have no doubt it would have been granted. That the defendant omitted so to do furnishes no reason, however, for granting the present application, the effect of which would be to make the judgment a separate one, against Pitman alone, which would be wholly unauthorized by the complaint.

The counsel for the respondent insists in this court that the return of the officer as to the service of the summons was wholly insufficient and void as to either of the defendants, and gave no jurisdiction for the entry of any judgment whatever, and hence that this court should vacate and set aside the same as to both defendants. This point was not made in the court below, nor does the notice of the motion ask for any such relief, and hence this court has no power to grant it. As the order appealed from must be reversed on the foregoing grounds, any consideration of the other points raised and discussed is unnecessary.

Order reversed.