SAMUEL D. COYKENDALL and others *vs.* JOSEPH W. LADD, and Garnishee, and Claimant.

December 15, 1884.

**Garnishment of Insurance Money—Right of Claimant under Chattel Mortgage (not Filed) on Goods insured.**—A creditor proceeded to garnish insurance money, claimed to be due his debtor upon the loss by fire of a stock of goods covered by a policy of insurance, in which the loss, if any, was made payable to a third party, who appeared as claimant in the proceedings, as "his interest" should appear. He claimed an interest in the goods by virtue of a chattel mortgage thereon, executed by the debtor. *Held,* that, as against the creditor plaintiff in the garnishment proceedings, such mortgage, if valid on its face and given in good faith, was sufficient to uphold the right of the claimant to the insurance money, to the amount actually due thereon, though the mortgage was never filed for record.

Appeal by plaintiffs from an order of the district court for Hennepin county, *Young,* J., presiding, refusing a new trial after a verdict by which the jury found that James A. Lovejoy, the claimant, was entitled to recover from the Equitable Fire Insurance Company, the garnishee, the insurance money in dispute.

*J. M. Shaw* and *Jackson & Pond,* for appellants, cited *North Star Boot & Shoe Co.* v. *Ladd, ante,* p. 381.

*C. H. Benton,* for respondent.

v.32—34

VANDERBURGH, J.   The defendant, Ladd, March 27, 1882, procured a policy of insurance upon his stock of merchandise, of the Equitable Fire Insurance Company, for $1,500, containing a stipulation providing that the loss, if any, should "be payable to James A. Lovejoy, as his interest may appear." Subsequently, on January 8, 1883, and previous to the loss of the goods by fire, he executed a chattel mortgage to Lovejoy, valid on its face, to secure promissory notes exceeding in the aggregate the amount of such policy. The property insured was destroyed by fire, February 23, 1883, at which time the mortgage had not been filed. Subsequent to the adjustment of the loss, June 30, 1883, the plaintiffs, creditors of Ladd for goods sold, caused garnishee proceedings to be instituted against the insurance company, which resulted in an issue between the plaintiffs and Lovejoy involving their respective claims to the insurance money. The plaintiffs contest the right of the claimant, Lovejoy, to the money, on the grounds that the mortgage was, as they allege, fraudulent in fact, and was not duly filed, and hence, under the statute, was invalid as against them.

In *North Star Boot & Shoe Co.* v. *Ladd, ante,* p. 381,—a case involving similar issues,—this court held that the creditor might attack and call in question such chattel mortgage as being fraudulent and void as to the creditors of Ladd. By this it was not meant that the garnishment of the debt of the insurance company was equivalent to an attachment of the mortgaged property as respects the preference given to a levying creditor under Gen. St. 1878, *c.* 39, § 1. The plaintiff did not levy upon mortgaged property, but garnished a debt due to either the defendant or claimant. It became necessary to investigate the character of the mortgage, in order to test the validity of Lovejoy's claim to the insurance money. The court would not lend him its aid to enforce a claim founded in fraud; that is to say, he cannot prevail if his "interest" in the property under the mortgage appears to be fictitious, or created between him and the mortgagor with the intent to defraud the creditors of the latter. This is what was determined in the case referred to. If, therefore, the mortgage was fraudulent in fact, it discloses no interest which can support Lovejoy's claim in these proceedings. But if, on the other hand,

.it was made in good faith to secure an actual indebtedness to him, then there was a valid interest to secure by the policy, and no one not a subsequent mortgagee, purchaser, or creditor who has levied on the mortgaged property, would be in a position to complain that there was no delivery of possession, or that the mortgage was not duly filed. In other words, the plaintiff, by attaching the debt, was entitled to raise the question of the fraudulent or fictitious character of Lovejoy's claim thereto, but, having failed to attach the mortgaged property, is not in a position to object that such claim was invalid because the mortgage was not filed. In speaking of its alleged fraudulent character we use the term "mortgage" as including the claim .assumed to be thereby secured.

The insurance policy may be regarded as in the nature of additional security for Lovejoy's debt, and if his security upon the goods is lost by their destruction, his lien thereon for a *bona fide* debt (being valid as between the parties and as to creditors who had acquired no lien) must be still regarded as measuring, to the extent of such debt, the "interest" remaining secured by such policy. But if there was no indebtedness to secure—if his claim to the insurance was false or fraudulent as against Ladd's creditors,—then the latter may, in the proper proceedings, dispute it; and, as between a fraudulent claim .and a just one, the law will apply the insurance money to the latter.

This appears to be the view adopted by the trial court in conducting the trial. The question of fact chiefly contested was the amount and honesty of Lovejoy's claim, and, upon this question, we think the record discloses sufficient evidence to support the finding of the jury. An examination of the entire record discloses no legal ground upon which this court can disturb the verdict.

Order affirmed.