SUVIAH T. DAVISON v. ELIJAH A. HARMON and Another.[1]

July 7, 1896.

Nos. 9993—(188).

**Action against Joint Debtors—Judgment against One—Merger.**

Where the plaintiff in an action brought upon a joint contract obligation against the joint debtors elects, upon default of one of them to answer, to enter judgment against such defendant, the judgment is a bar to a subsequent action against the others, the debt being merged in the judgment.

Appeal by plaintiff from a judgment of the district court for Hennepin county, in favor of defendant Sherburne. Affirmed.

*Louis A. Reed*, for appellant.

*A. Ueland*, for respondents.

BUCK, J. The plaintiff commenced this action in the district court for Hennepin county against the defendants upon a joint partnership note. The summons was personally served upon both defendants, but the defendant Harmon did not appear, and a separate judgment was entered against him by default on December 29, 1892, for the full amount claimed in her complaint, including interest, costs, and disbursements. The defendant Sherburne answered, and by his answer raised material issues, and after the entry of the default judgment against Harmon he filed a supplemental answer, alleged the entry of the separate judgment by plaintiff against Harmon, and prayed for judgment against plaintiff that the action be dismissed as to him (Sherburne). When the cause came on for trial, the defendant Sherburne moved for judgment on the pleadings, which motion was granted by the court, and judgment was accordingly entered that plaintiff take nothing by this action as to the defendant

[1] Reported in 67 N. W. 1015.

Sherburne, and that he recover his costs and disbursements against the plaintiff.

That the obligation sued upon is a joint one, must be conceded. Where an action was brought at common law upon a joint contract the general rule was that there could be no judgment except in favor of, or against, all defendants. 1 Black, Judgm. § 82. The same authority states that there are exceptions to this rule; for instance, where one of the defendants sets up and succeeds in establishing a defense entirely personal to himself, as a release or discharge or a personal disability to contract. Consequently, where several persons are summoned as defendants, and one of them pleads, and the others suffer a default, final judgment cannot properly be entered upon the default until the issue as to the other defendants is disposed of, unless the rule has been changed by statute. The plaintiff in this case elected to enter a separate judgment against one of two defendants upon a joint obligation, and, this cause of action being joint, and not several, it cannot be divided, and judgment entered against each one piecemeal. If this could be done, there might be as many separate judgments as there are different or several defendants, and we know of no principle of law which permits it to be done. In the case of Lauer v. Bandow, 48 Wis. 638, 639, 4 N. W. 774, it is said by the court that:

"It is perfectly well settled that if the holder of a joint debt or obligation sues one of the joint debtors and obtains judgment thereon against him, and then sues another of the joint debtors for the same debt or obligation, the latter may plead such judgment against his co-debtor and bar the action. This is so because the joint debt is merged in the judgment against the debtor first sued, and, being indivisible, it cannot be merged or canceled as to one, and existing and operative as to another joint debtor."

Numerous authorities sustain this position. And if one action is brought against joint debtors, and the plaintiff elects to take judgment against one separately, his rights are no greater than if he had sued each separately. The plaintiff having elected in such case to enter a several judgment upon a joint obligation, the cause of action is merged in the judgment, and the further proceeding against the other defendant would be an attempt to procure a several judgment, while the cause of action sued upon is joint, and thus there would be a variance between the cause of action alleged and the several

judgment sought to be entered. Hence, if the plaintiff elects to enter a several judgment against one defendant in an action against more than one defendant upon a joint obligation, the cause of action having merged in the judgment against one, it is a bar to a subsequent recovery against the others. See Kingsley v. Davis, 104 Mass. 178; Cowley v. Patch, 120 Mass. 137; Ward v. Johnson, 13 Mass. 148: People v. Harrison, 82 Ill. 84.

We have examined the various provisions of the statute in regard to proceedings by a plaintiff against defendants liable upon a joint obligation, and we do not find any which changes the common law or supports the contention of the appellant. A reference to the statutory provisions bearing upon this subject may be pertinent. G. S. 1894, § 5207, reads as follows:

"When the action is against two or more defendants, and the summons is served on one or more, but not all of them, the plaintiff may proceed as follows:

"First. If the action is against the defendants jointly indebted upon a contract, he may proceed against the defendants served, unless the court otherwise directs; and if he recovers judgment, it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all, and the separate property of the defendants served.

"Second. If the action is against defendants severally liable he may proceed against the defendants served, in the same manner as if they were the only defendants.

"Third. Though all the defendants have been served with the summons, judgment may be taken against any of them severally, when the plaintiff would be entitled to judgment against such defendants if the action had been against them alone."

This section, it will be observed, authorizes a joint judgment against all of the defendants served where the obligation is joint, unless the court otherwise directs, and judgment may be so entered against all of the defendants jointly indebted, and may be enforced against the joint property of all and the separate property of the defendants served; but it does not authorize a several judgment against each defendant unless he is severally liable, in which case the plaintiff may proceed against the defendants served in the same manner as if they were the only defendants. Of course, this section does not aid the plaintiff, although he relies upon the last subdivision of the section in support of his view of the case. While this subdivision is not quite as explicit as it might be, yet, fairly construed, it means

that a several judgment can only be taken against any one of the defendants when the plaintiff would be entitled to a judgment against such defendants if the action had been against them alone.   But if an action had been against them alone, upon a joint obligation, they would not be entitled to a several judgment, as that would be a variance from the cause of action stated in the complaint.   If such a judgment should, however, be entered, it would be at the plaintiff's risk, and by his election he would be barred from recovering a judgment against the other defendants, as under the rule at common law. In Johnson v. Lough, 22 Minn. 203, this court held that in an action founded on a joint demand arising on contract, whether all the defendants are served with summons or not, the only judgment that can be rendered is a joint one in favor of or against them all.   Section 5410 of said statute reads as follows:   .

"Judgment may be given for or against one or more of several plaintiffs, and for or against one or more of several defendants, and it may, when the justice of the case requires it, determine the ultimate rights of the parties on each side, as between themselves."

This section does not aid the plaintiff, because the judgment authorized is one against a several defendant or defendants, and not against one or more joint defendants.   The number of the defendants is not the test of the manner of entering judgment under this section, especially when all of them stand on precisely the same ground, and all have been summoned.   The judgment must be based upon the pleadings, and, where that shows a joint obligation, as the one sued upon, there should not be a several judgment entered.   Section 5411 reads as follows:

"In an action against several defendants, the court may, in its discretion, render judgment against one or more of them, leaving the action to proceed against the others, whenever a several judgment is proper."

This section is not applicable, because it covers cases where the action is against several defendants, and it is only in the discretion of the court that a judgment may be rendered against one or more of them, leaving the action to proceed against the others, and then only in cases wherein a several judgment is proper.   As a several judgment upon the joint cause of action was not proper in this case, it is quite apparent that the section is not applicable.

There is no provision in the statute which is applicable to the case at bar. A several action could not properly have been brought upon the joint obligation set forth in the complaint; and if the plaintiff desired to have his joint cause of action saved as against the defendant Sherburne, he should have waited, and not entered judgment against Harmon until the issues raised by Sherburne's answers were disposed of. It was, therefore, irregular for the plaintiff to proceed and take a several judgment against the defendant Harmon, but, he having elected to do so, it constitutes a bar to any further recovery against the other defendant, Sherburne.

Judgment affirmed.