GEORGE PFEFFERKORN and Another v. RUFUS C. HAYWOOD and Another.[1]

July 8, 1896.

Nos. 9887—(158).

**Action on Joint Obligation—Amendment of Complaint after Judgment against One Defendant—Alleging Obligation as Joint and Several.**

Where a cause of action is stated in the complaint as upon a joint debt or obligation, and a judgment for want of answer has been entered against one of the defendants, the district court, upon due application, and in the proper exercise of its discretion, has the right or power to allow, as against another defendant, an amendment to the complaint whereby the cause of action is alleged to be upon a joint and several debt or obligation.

Action in the district court for Hennepin county. Judgment was entered for want of answer against defendant Boshart, and the action came on for trial before Jamison, J., who granted plaintiffs' motion to amend the complaint as stated in the opinion. Thereafter the case was tried before Russell, J., who ordered judgment against defendant

[1] Reported in 68 N. W. 68.

Haywood for $1475 and interest.    From an order denying a motion for a new trial, defendant Haywood appealed.    Affirmed.

*Gilfillan, Willard & Willard*, for appellant.

*Isaac A. Barnes*, for respondents.

COLLINS, J.[2]  Plaintiffs, co-partners, brought this action to recover upon two promissory notes executed and delivered by defendants.    Setting forth two separate causes of action in their complaint, they declared upon each note as the joint promise of these defendants.    Boshart failed to answer, but defendant Haywood answered, as to the first cause of action, alleging the making of an agreement between plaintiffs and himself, whereby he had been discharged and released from all liability on the note mentioned therein; and, as to the second cause of action, that he had made a partial payment thereon, not acknowledged or admitted in the complaint.    Plaintiffs' attorney then entered judgment for want of an answer against defendant Boshart for the full amount due, whereupon counsel for defendant Haywood served a supplemental answer, alleging, in bar of further proceedings, that such judgment had been entered, and without his knowledge or consent.    When the cause came on for trial they moved for judgment on the pleadings, invoking the rule of the common law that a judgment entered against one or more of a number of joint debtors operates as a merger of the cause of action, and discharges the balance of the debtors; while plaintiffs, producing joint and several notes, moved for leave to amend the complaint in accordance with this fact.    The amendment was allowed, and upon its findings the court ordered judgment for plaintiffs.    The appeal is by defendant Haywood from an order denying his motion for a new trial.

We have recently had occasion in the case of Davison v. Harmon, supra, page 402, 67 N. W. 1015, to consider various provisions of our statutes which it was claimed had modified the common-law doctrine before mentioned.    Our conclusion was that no change had been made by statute, and that when a plaintiff, in an action brought against joint debtors upon a joint debt or obligation, elects to enter judgment against a defendant who is in default for want of answer, the judgment operates as a bar to subsequent proceedings against

[2] Mitchell, J., took no part.

other debtors, because the debt or obligation is merged in such judgment. The common-law rule upon the subject prevails in this state, so that, if plaintiffs' causes of action had actually rested upon defendants' joint obligations, the case would be governed by that of Davison v. Harmon, supra, and the court below would have erred when refusing to grant the motion for a new trial. But the facts are that the notes were the defendants' joint and several promises to pay, and upon application the complaint was amended so as to conform to the facts. The result here depends, therefore, upon the right or power of the court below to allow the amendment whereby, after judgment had been entered against Boshart, the causes of action set forth in the complaint as upon joint promissory notes were changed so as to be predicated upon joint and several promissory notes.

As has often been stated when G. S. 1894, § 5266, has been under consideration, the power of the district court to allow amendments of pleadings is very great. It must exercise its discretion in view of the circumstances of each particular case, and, as a consequence, no fixed rule can be stated by which the propriety of allowing amendments can be determined. If in such matters it acts within the limits of its discretion, its action will not be reviewed, and its propriety and expediency considered. And amendments in furtherance of justice are allowable after judgment as well as before. And by section 5269 it is expressly provided that at every stage of an action the court shall disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party. The amendment was unquestionably in furtherance of justice, and certainly it did not affect any substantial right held by defendant Haywood. The court, when allowing it, did not abuse its discretion, although it relieved the plaintiffs' counsel from the consequences of somewhat careless pleading, and held Haywood to a liability from which he was escaping on a mere technicality. The claim that from the testimony it appeared that an agreement was made which released and discharged Haywood from liability on the note mentioned in the first cause of action, is without merit.

Order affirmed.