### BENGT E. SUNDBERG v. M. A. GOAR and Others.[1]

May 13, 1904.

Nos. 13,818, 13,819—(90, 91).

**Appeal.**

An ex parte order adding new parties defendant to an action is not appealable.

**Notice of Appeal.**

But an order denying a motion to vacate such an order is appealable, and is not bad for duplicity because in the notice of appeal is embodied an appeal from the ex parte order and also an appeal from an order granting leave to amend the complaint.

**Additional Parties.**

Application to bring in additional parties defendant, under the provisions of section 5178, G. S. 1894, must be made with reasonable diligence after notice of the necessity of bringing them in; and an unreasonable delay unexcused will bar the right where the other defendants would be prejudiced by granting it.

**Action Against Parties Jointly Liable.**

The rule at common law required all persons jointly liable on a contract to be made parties to an action brought thereon, and a joint judgment only could be recovered. This rule was changed by chapter 303, p. 563, Laws 1897, but not as to contracts existing at the time of its passage.

[1] Reported in 99 N. W. 638.

**Same—Unreasonable Delay.**

> This action was brought against defendants to recover upon a bond. The answer set up in defense that the bond was the joint obligation of defendants and one Peterson, who was not a party to the action, and demanded that the action be dismissed and abated for failure of plaintiff to join him as a defendant. Thereafter, but not until the lapse of three and a half years after the service of defendant's answer, which long delay was wholly unexcused, plaintiff obtained from the court an ex parte order making Peterson a defendant in the action, and requiring him to appear and answer the complaint therein. At the time of making this order the cause of action was, as to Peterson, barred by the statute of limitations, though it was not so barred when the action was commenced. The bond was in fact the joint contract of defendants and Peterson, and Peterson, under the common-law rule in force as to this contract, was an indispensable party to the action. It is *held* that plaintiff was guilty of laches and unreasonable delay in making his application to join Peterson as a party, and that, as the cause of action had become barred as to him at the time it was made, the other defendants would be materially prejudiced, if it were granted, by the loss of the right of contribution, the court erred in ordering him made a party.

Separate appeals: (1) by Charles F. Peterson from an ex parte order of the district court for Kittson county, Watts, J., making him a party defendant in the action; and (2) by the original defendants, M. A. Goar, and others, from said order and from a subsequent order of Grindeland, J., refusing to vacate such ex parte order and permitting plaintiff to amend his complaint. Appeal of Peterson dismissed. On appeal of defendants, order refusing to vacate ex parte order reversed.

*John N. Berg,* for appellant Charles F. Peterson.

*Jno. W. Arctander,* for appellants M. A. Goar and others.

*Charles Loring* and *P. H. Konzen,* for respondents.

BROWN, J.

This action was commenced in February, 1900, to recover upon a bond alleged to have been executed by defendants to secure the faithful performance by defendant Goar of his duties in the matter of winding up the affairs of a copartnership. The cause of action accrued some time in 1894, but the action was not commenced until the date stated in 1900. The complaint is in the usual form, and sets up the execution of the bond by defendants (Goar as principal and the other defendants

as sureties), default in its conditions, and demands judgment for the amount therein stated. Defendants interposed an answer on March 8, 1900, in which they alleged that the bond declared upon in the complaint was a joint, and not a joint and several, bond; that it was executed by defendants and one Charles F. Peterson jointly; that Peterson was then living, residing in Kittson county, within the jurisdiction of the court, but had not been made a party to the action, nor served with the summons therein. Defendants further alleged that by reason of the nonjoinder of Peterson there was a defect of parties defendant, and insisted that the action be abated and dismissed.

No proceedings were thereafter had by plaintiff for the purpose of bringing Peterson in as a party until December 10, 1903, a period of about three and a half years after plaintiff was informed by the answer that Peterson was a necessary party. On that date Charles Loring, acting as attorney for plaintiff, though he was not the attorney of record, appeared before the court, and procured from Judge Watts, one of the judges of the district in which the action was pending, without notice to either of the defendants, an order making Peterson a party to the action, and requiring him to appear and answer the complaint therein. Thereafter defendants moved before Judge Grindeland, associate of Judge Watts, on various grounds to vacate the order making Peterson a party, which was denied. At the time of making that order the court made a further order permitting the plaintiff to amend the complaint in such respects as he might desire.

The case comes to this court (1) on the appeal of Peterson from the order making him a party to the action, and (2) on the appeal of defendants from the order denying their motion to vacate and set aside the order making Peterson a party, from that order, and also from the order permitting plaintiff to amend his complaint. Plaintiff, on the hearing in this court, moved to dismiss both appeals on the grounds (1) that an ex .parte order, such as that involved here, making Peterson a party to the action, is not appealable; and (2) that the appeal of defendants should be dismissed for duplicity, it being an appeal from three separate orders.

We think the motion to dismiss the appeal from the ex parte order should be, and it is, granted. Such orders are not, as a rule, appealable. State v. District Court, 52 Minn. 283, 53 N. W. 1157. The rea-

sons why such orders are not appealable are fully discussed in the case cited, and need not to be repeated. But we do not concur in the contention that the appeal of defendants should be dismissed for duplicity. It is true that the appeal is from three independent orders, but this is not objectionable. It is clear that the order refusing to vacate the ex parte order is appealable, and the appeal should not be dismissed merely because appellant includes in his notice an appeal from other nonappealable orders. The motion to dismiss defendants' appeal is denied.

The serious question with which we are confronted on the merits of the case is whether the court was justified in ordering Peterson made a party to the action, and in denying defendants' motion to vacate the order made for that purpose. The general rule of practice applicable to the amendment of pleadings and proceedings in actions should govern and control the decision of this question. Such rule requires parties to proceed with reasonable diligence in applying for amendments. It is said in 1 Enc. Pl. & Pr. 522, that, where a party has notice of a defect in his pleadings, he should move to amend without unreasonable delay, otherwise the court is justified in denying his application on the ground of laches; and when a party has procrastinated until an advanced stage of the proceedings, and the amendment would produce inconvenience or delay, or be prejudicial to the opposite party, it should be denied.

The question for consideration in the case at bar is whether plaintiff brought himself within this rule. His application was made under the provisions of G. S. 1894, § 5178. The obligation, the foundation of the action, was the joint bond of defendants and Peterson, and not their joint and several contract. Under the common-law rule of practice in force in this state when this action was commenced, it was necessary that all persons jointly liable be made parties to the action, and a failure to do so was fatal, if objections were seasonably made. Fetz v. Clark, 7 Minn. 159 (217); Johnson v. Lough, 22 Minn. 203; Davison v. Harmon, 65 Minn. 402, 67 N. W. 1015; Pfefferkorn v. Haywood, 65 Minn. 429, 68 N. W. 68. And a joint judgment only could be rendered, except where the individual defense of one of them released him, in which case judgment against the remaining defendants was proper. This rule has been changed, it is true, by our statutes, which now provide that parties to a joint obligation shall be jointly and severally liable. Laws 1897, p. 563, c. 303. Under that statute the parties may be

severally sued, or a several judgment entered, but the act expressly provides that it shall not apply to joint contracts existing at the time of its passage. This contract was entered into prior to the passage of that statute, and is governed by the rules of the common law, and is not affected by the statute.

The common-law rule was founded in a purpose to protect persons jointly liable, and to secure to them the right of contribution in case judgment was ordered against them. If a joint judgment were recovered, and one of the defendants compelled to pay it, he could, in turn, compel his codefendants to reimburse him to the extent of their portion of the liability. But where all persons jointly liable were not made parties, this right of contribution was lost, for the cause of action was held merged in the judgment, and all persons who were not parties released, and discharged from liability. The rule therefore required that all be made parties to the action, and that a joint judgment only could be had. Within the rule Peterson was an indispensable party, and his absence fatal to plaintiff's recovery.

The action at bar was commenced by Steenerson and Rowe, but the application for the order making Peterson a party was made by Charles Loring, Esq., and in an affidavit, made the basis of the application, he stated that he had been informed and believed that Steenerson and Rowe, the attorneys who commenced the action, had lost the bond at the time of its commencement, and did not know that Peterson was a party thereto, or that it was a joint contract. Plaintiff was informed by defendant's answer that Peterson was a party to the bond, but, notwithstanding this information, no steps were taken to bring him in, or to amend the proceedings in any way, until three and a half years after the answer was interposed. There was no showing as to when the bond, if in fact lost, was found by Steenerson and Rowe or by Loring, and the long delay in making the application to have Peterson made a party was not excused; in fact, there was no attempt to excuse it. Within the rules applicable to cases of this kind, the application should have been denied, if defendants were in any way prejudiced by it. We turn our attention to that feature of the case.

At the time the order was made making Peterson a party, the defendant's plea of abatement entitled them to an abatement or dismissal of the action, and of this right they were deprived by the order. But

this alone would probably not be sufficiently prejudicial to warrant a reversal of the court below. But another feature of the case presents a sufficient reason. At the time the order was made the statute of limitations barred the right of action against Peterson. He was no longer liable on the bond, and could not be compelled to contribute to his cosecurities. Spelman v. Talbot, 123 Mass. 489; Shelton v. Farmer, 9 Bush (Ky.) 314; Screven v. Joyner, 1 Hill, Eq. (S. C.) 252, 9 Cyc. 795. If he were now made a party to the action, and the plaintiff permitted to recover against the other defendants, Peterson being released by his independent defense of the statute of limitations, they would lose the right of contribution; a right which existed, as to the defendants who are cosecurities with Peterson, at the time the action was commenced.

It is urged that it does not appear that Peterson will plead the statute of limitations if required to answer the complaint, and that for this reason it is not shown that any prejudice will result to the other defendants. But it is fair to assume, in view of the fact that he appealed from the order of the court making him a party, that he will avail himself, if required to answer, of all defenses within his reach, including the statute of limitations; and the suggestion that he would be prompted by moral obligations not to interpose such a defense cannot be adopted. People, as a rule, are not impressed with moral obligations to any considerable extent when resort to the strong arm of the law is had to compel them to meet legal obligations and duties. As a rule, all defenses and means in avoidance of liability are resorted to, and the statute of limitations pleaded whenever it will facilitate escape. So it is only fair, in view of all the circumstances shown in this case, to assume that, if Peterson is required to answer the complaint, he will interpose the statute of limitations in defense, which would be sustained on trial; and, if plaintiff should recover against the other defendants, they would lose a substantial right, which existed in their favor when the action was commenced and when they interposed their answer—the right of contribution—and be materially prejudiced by the order.

This condition is due wholly to the laches and delay of plaintiff in making application to bring Peterson in, which is unexcused. If application had been made promptly, before the statute of limitations had barred the right of action against him, the order granting it would have

been sustained.    But, in view of the long delay, and total failure to ex-cuse it, except on the information and belief of the present attorney for plaintiff, the fact that the right of contribution will be lost to the de-fendants if the order of the court is sustained, we conclude that the court below was not justified in making it.

It is therefore ordered that the order of the trial court refusing to vacate the ex parte order, making Peterson a party defendant be re-versed, and the cause remanded, with directions to the court below to vacate and set aside such ex parte order.

Appeal of Charles F. Peterson dismissed.    On appeal of defend-ants, order refusing to vacate ex parte order reversed.