F. E. CHURCH v. O. H. ODELL and Others.[1]

January 25, 1907.

Nos. 14,999—(174).

**Joint Adventure.**

Though a joint adventure is not in a strict legal sense a copartnership, the rules and principles of law applicable to the partnership relation govern and control the rights, duties, and obligations, as to each other, of those thus jointly engaged.

**Commission Paid to a Partner.**

Plaintiff, a real estate agent, had a contract under which he was entitled to receive from the owner of the land which had been listed with him for sale the sum of $500 as commission, if he effected a sale of the same. To bring about a sale, and thus earn his commission, he induced the defendants in this action to join with him in the purchase thereof in the following manner: Pursuant to his efforts in that direction, the parties, plaintiff and all the defendants, entered into a mutual agreement among themselves to buy the land; each agreeing to take a specific part thereof, and all to share in the profits realized. They subsequently entered into an executory contract with the owner for its purchase, paying thereon, as the first instalment of the purchase price, $10,608. Plaintiff concealed from his associates the fact that he was to receive a commission on the sale so brought about, and led them to

[1] Reported in 110 N. W. 346.

believe that all were to share proportionately in the profits realized on the transaction.

It is *held* that the commission received by plaintiff inured to the benefit of all his associates as a profit realized on the transaction he induced them to join him in entering into, and they are entitled to share therein in the proportion of interest each had in the land.

### Dismissal of Appeal—Waiver of Objection.

Defendants' original answer stated no defense to the action, and the court ordered judgment for plaintiff on the pleadings. Thereafter a new trial was granted on defendants' motion, and plaintiff appealed. He subsequently dismissed his appeal and stipulated that defendants might file an amended answer. The amended answer stated a defense, and the parties proceeded to trial on the issues thus raised, and defendants had judgment. On appeal therefrom it is *held* that plaintiff waived the error, if any, in the order granting a new trial, by expressly consenting to the amended answer, thus agreeing to litigate a new issue in the case.

Action in the district court for Steele county to recover $500 alleged to have been retained by defendants out of plaintiff's share of the proceeds of the sale of certain lands. The case was tried before Buckham, J., who found in favor of the plaintiff for $39.22. From a judgment entered pursuant to the findings and order, plaintiff appealed. Affirmed.

*Harlan E. Leach*, for appellant.

*Wheelock & Sperry* and *Littleton & Alexander*, for respondents.

BROWN, J.

The facts in this case, as disclosed by the findings of the trial court, are as follows: Plaintiff is a real estate broker. At the time alleged in the complaint he had a contract for the sale of certain land in Assiniboia, owned by the Northwestern Colonization Company, under which, if he effected a sale, he was to receive a commission of $500. His contract was entered into with Eddy, Brosmer & Co., agents of the Colonization Company. To bring about a sale he interested the defendants in this action, citizens of Owatonna, and induced them to join with him to make the purchase. Pursuant to his efforts the parties organized a voluntary association, which they named the Owatonna Land & Improvement Company, and entered into a contract by which they pur-

chased the lands so in plaintiff's hands for sale, each taking, as between themselves, a separate part of the whole, paying thereon $10,608, the amount of the first payment under the contract. Plaintiff did not disclose to his associates the fact that he was entitled to a commission of $500 for effecting a sale, but concealed that fact from them. Subsequent to the sale the defendants and plaintiff sent a committee representing their association to Assiniboia for the purpose of examining the land and learning its character and value. This committee returned later and reported that about one-half of the same was practically worthless. A controversy then arose between the Owatonna association and the Colonization Company respecting future payments on the purchase price, which resulted in an agreement by which the Colonization Company took back the land and returned to the Owatonna association $6,528. The balance of the $10,608 having been paid to Eddy, Brosmer & Co., as commission for their services in bringing about the sale, the Colonization Company declined to return it. Upon the money being refunded, the members of the Owatonna Company, including plaintiff, held a meeting at which they divided the money pro rata in accordance with the number of acres of land each had agreed to buy of the tract purchased. At this time they discovered that plaintiff had received a commission of $500, and they deducted that amount from the portion of the whole that would otherwise belong to him, and declined to pay the same over. Plaintiff then brought this action against the other members of the association to recover the same. Defendants interposed an answer, which stated no defense, and when the action came on for trial the court ordered judgment for plaintiff on the pleadings. Thereafter, on motion of defendants, a new trial was granted. Plaintiff appealed from the order, but subsequently dismissed it and stipulated that defendants might file an amended answer. Upon the amended pleadings the cause came on for trial before the court below without a jury, the result of which was an order for judgment to the effect that plaintiff was entitled to his proper proportion of the $500, and no more. Judgment was entered accordingly, and plaintiff appealed.

1. It is urged that the court below erred in granting defendants a new trial, and that for this error the judgment appealed from should be reversed, and the original judgment ordered by the court on the pleadings directed to stand. We find no special merit in this contention.

The trial court, when the cause first came on for trial, granted plaintiff's motion for judgment on the pleadings, and properly so, because the answer stated no defense. Before the order was made, however, defendants applied for leave to amend their answer, which was denied, and the ruling was assigned as one of the errors for which a new trial was asked. It was within the discretion of the trial court to permit an amendment to the answer, had application been made. Burke v. Baldwin, 54 Minn. 514, 56 N. W. 173; Pfefferkorn v. Haywood, 65 Minn. 429, 68 N. W. 68. But, conceding that the order granting the new trial was erroneous, plaintiff waived the error by subsequently dismissing his appeal, expressly consenting to the amended answer being filed, and proceeding to the second trial under the issues thus raised, which were not presented by the original pleadings.

2. The trial court found that plaintiff and defendants entered into a joint enterprise to purchase the land in question for their joint and several profit, and other facts which would create, as a matter of law, a partnership relation, at least such a condition respecting the duties of each that the principles of law applicable to that relation applied and controlled their duties and obligations toward each other. It was a joint adventure within the meaning of the law. 23 Cyc. 452. The only question presented on this branch of the case by the assignments of error is whether the findings of fact are sustained by the evidence. A careful reading of the record leads to the conclusion that they are sustained. The plaintiff was entitled, under his contract made prior to the time of the negotiations with defendants, to a commission of $500, if he effected a sale of the land, and, without disclosing that fact to his associates, led the parties to believe that they all stood on an equal footing and were entitled to share proportionately in all profits realized. He studiously avoided communicating to them the special privilege to accrue to himself in the premises, and they were not aware of the fact that he had received the commission until about the time a division of the money returned by the Colonization Company was made. It is not important what the answer terms the "association." Whether the members thereof, in a technical sense, stood in the relation to each other of partners, or not, the relative rights of all are the same. 23 Cyc. 455; Tyler v. Waddingham, 58 Conn. 375, 20 Atl. 335, 8 L. R. A. 657, and note; McDonald v. Campbell, 96 Minn. 87, 104 N. W. 760; Bloom

v. Lofgren, 64 Minn. 1, 65 N. W. 960. The $500 received by plaintiff must be taken as a profit realized on the purchase of the land, and all the parties are entitled to share therein. Plaintiff was not a mere middleman, as contended by his counsel, but one of the parties engaged in the joint enterprise, and he owed to his associates fair treatment (Bloom v. Lofgren, supra); and whatever profits he realized in the transaction belonged to the association, and not to him. 23 Cyc. 455, and cases cited.

The findings of the trial court take the case without the rule followed by some of the authorities cited by counsel for plaintiff, and they are not in point. We dispose of the case upon the facts so found.

Judgment affirmed.