WEST PUBLISHING COMPANY v. J. DE LA MOTT.[1]

May 1, 1908.

No. 15,764.

**Return on Appeal—Court Rule.**

Rule 4 of this court is intended to speed the prosecution of a cause, and it enables the respondent, if he so elects, to secure a dismissal of the appeal, either in vacation or term time, without an application to the court. If notice to make the return is not given, it in no manner affects the right of the respondent to move the court for a dismissal of the appeal, or to affirm for a noncompliance with its rules.

**Appealable Order.**

An order supplementary to execution, requiring the judgment debtor to appear for examination concerning his property, is not appealable.

Defendant having on February 4, 1907, perfected his appeal from an order of the district court for St. Louis county, Ensign, J., ordering him to appear before a referee named for an examination concerning his property, and having failed for more than sixty days to make and file a return with the clerk of this court, plaintiff moved for an order dismissing the appeal. Motion granted.

*John A. Keyes*, for appellant.

*J. H. Whitley, Paul Thompson*, and *C. N. Dohs*, for respondent.

START, C. J.

Appeal from an ex parte order made by a judge of the district court of the county of St. Louis directing the defendant to appear for examination concerning his property. This is a motion to dismiss the appeal on the ground that the order is not appealable, and, further, that, although more than sixty days have elapsed since the appeal was perfected, no return has been made to this court as required by rule 4 of the court.

The defendant admits that the return has not been made, and that the time limited by the rule for so doing has expired, but urges that no notice to make the return, as provided in rule 4, has been served.

[1] Reported in 116 N. W. 103.

on him. Rule 4 is intended to speed the prosecution of a cause, and it enables the respondent, if he so elects, to secure a dismissal of the appeal, either in vacation or term time, without an application to the court; or, in other words, the remedy given by the rule is not exclusive, but cumulative, and it in no manner affects the right of the respondent to move the court for a dismissal of the appeal, or to affirm for a noncompliance with its rules. Guerin v. St. Paul & S. C. R. Co., 32 Minn. 409, 21 N. W. 470; Plymouth Clothing House v. Seymour, 74 Minn. 425, 77 N. W. 239.

The order here in question is not appealable. It was so held in Rondeau v. Beaumette, 4 Minn. 163 (224), on the ground that such an order was a preliminary and interlocutory one. The defendant, however, urges that the provision of R. L. 1905, § 4365, subd. 6, giving an appeal "from an order or judgment made or rendered in proceedings supplementary to execution," changes the rule. There has been no change in the character of an order supplementary to execution requiring the judgment debtor to answer as to his property. It is true that the statute provides in general terms for an appeal from an order or judgment in such cases; but this must be construed in harmony with the settled construction of statutes giving the right of appeal from an order, in general language. Such statutes cannot be construed as giving the right of appeal from every order made in a case or proceeding. Were it otherwise, then every ex parte order made by a judge or court commissioner, every preliminary order, and every order made as to the admission or rejection of evidence, in proceedings supplementary to execution, would be appealable, which would be contrary to the manifest intent of the statute and the decisions of this court, and a reproach to the administration of justice. Our statute giving a right of appeal from an order granting or refusing an injunction (R. L. 1905, § 4365, subd. 2) is just as broad and general in its terms as is the statute here under consideration, and yet no appeal lies from an ex parte order granting an injunction. State v. District Court, 52 Minn. 283, 53 N. W. 1157; Fuller v. Schutz, 88 Minn. 372, 93 N. W. 118.

The rule is general that no appeal lies from an ex parte order. The remedy is by motion to vacate it. Dunnell, Minn. Pr. § 1739; Sundberg v. Goar, 92 Minn. 143, 99 N. W. 638. We hold that the statute

here in question does not give an appeal from an ex parte or a preliminary or interlocutory order in proceedings supplementary to execution.

Appeal dismissed.