## BRADLEY et al. v. ROBIE.

(Circuit Court of Appeals, Eighth Circuit. July 28, 1920.)

No. 5511.

1. **Chattel mortgages** ⊜⊃197(1)—Delay in recording invalidates only against creditors acquiring lien in meantime.

Under Rev. Laws Minn. 1905, § 3461, as construed by the Supreme Court of that state, delay in recording a chattel mortgage invalidates the mortgage only as against creditors who have, prior to the filing thereof, acquired a lien by attachment or execution on the mortgaged property.

2. **Bankruptcy** ⊜⊃184(2)—Trustee can attack chattel mortgage as preference, when recorded, only if creditors had acquired superior lien; "required."

Under Bankruptcy Act, § 60b, as amended by Act June 25, 1910, § 11 (Comp. St. § 9644), recording is deemed required when, through delay, a position superior to the challenged transfer has been gained by some creditor whom the trustee represents, or whose place he is entitled to take. The trustee is not such a person by virtue of section 47a (section 9631), as this lien arises subsequently to the recordation of the challenged transfer.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Require.]

Appeal from the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Suit by Richards M. Bradley and others against E. G. Robie, trustee in bankruptcy. Decree for defendant, and plaintiffs appeal. Reversed, with directions.

E. F. Alford, J. W. Hunt, and Alan J. McBean, all of Duluth, Minn., for appellants.

C. W. Stilson, of Duluth, Minn., for appellee.

Before SANBORN and CARLAND, Circuit Judges, and TRIEBER, District Judge.

CARLAND, Circuit Judge. Appellants, who executed a lease to the Roman Meal Company, containing a chattel mortgage clause, filed a petition in the court below, praying for an order requiring the trustee of the estate of said Roman Meal Company, a bankrupt, to turn over to them certain personal property covered by the mortgage, so that they might proceed to sell the same in satisfaction thereof. The trustee answered, and after a hearing on the merits the referee denied the petition of appellants, and his action was affirmed by the District Court. The material facts are as follows: The lease was dated December 10, 1913, expiring April 30, 1915. The rental was $250 per month. The leased premises were lots 7 and 8, block 9, Central division of Duluth, Minn., and the building thereon. The lease contained the following provision:

"That the lessee, in consideration of the giving of this lease and to secure the payments of rent hereunder, shall pledge and give a lien, and the lessee does hereby pledge and give a lien, to the lessors upon all fixtures and furniture of every kind and nature at any time placed in said leased premises which said fixtures and furniture may, upon the termination of this lease and upon the

⊜⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

payment in full of all sums of money then due, and not otherwise, be removed from said premises by the lessee."

The lessee went into possession and paid the stipulated rent to and including January, 1915. On April 6, 1915, the lease was filed by the lessors in the office of the city clerk of Duluth. On April 21, 1915, the Roman Meal Company filed a voluntary petition in bankruptcy, and was adjudged a bankrupt April 22, 1915. At the time of the adjudication in bankruptcy the bankrupt owed appellants as rent for the leased premises $750, being the stipulated rent for February, March, and April, 1915. Certain furniture and fixtures belonging to the bankrupt were on the leased premises at the time of the adjudication, and passed to the possession of the trustee, who sold a portion thereof for the sum of $413.50, leaving the remainder unsold, of the appraised value of $629.50.

[1] The contention of the trustee was and is that the mortgage constituted a voidable preference under section 60b of the Bankruptcy Law, for the reason that Prindle & Co., the agents of appellants, had reasonable cause to believe, at the time the lease was filed, that the mortgage clause would effect a preference. This contention was sustained by the District Court. In so deciding we think court and counsel overlooked the present state of the law ruling the question at issue. Under the statutes and decisions of the Supreme Court of Minnesota, unrecorded chattel mortgages are only void as against creditors who have, prior to the filing thereof, acquired a lien by attachment or execution on the mortgaged property. Section 3461, p. 683, Rev. Laws Minn. 1905, and notes; St. Paul Title Ins., etc., Co. v. Berkey, 52 Minn. 497, 55 N. W. 60; Howe v. Cochran, 47 Minn. 403, 50 N. W. 368; Ellingboe v. Brakken, 36 Minn. 156, 30 N. W. 659; Coykendall v. Ladd, 32 Minn. 529, 21 N. W. 733; Brayley v. Byrnes, 20 Minn. 435 (Gil. 389).

[2] It does not appear that any creditor whom the trustee represents had prior to the filing of the lease acquired a lien upon the mortgaged property by attachment or execution. It was decided by the Supreme Court in Martin, Trustee in Bankruptcy of Virgin, v. Commercial National Bank of Macon, Georgia, 245 U. S. 513, 38 Sup. Ct. 176, 62 L. Ed. 441, that in such a case as that before us the trustee cannot assail an unrecorded mortgage as a preference as of the date of its recordation under section 60b of the Bankruptcy Act, as amended June 25, 1910 (36 Stat. 838, 842, c. 412, § 11 [Comp. St. § 9644]), if he represents no lien on the property other than the lien mentioned in section 47a (section 9631) arising subsequently to the recordation. It was also decided that recordation is to be deemed "required," in the sense of the amendment, when, through delay of it, a position superior to the challenged transfer has been gained during the period that the mortgage was unrecorded by some creditor whom the trustee represents, or whose place he is entitled to take. Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 Sup. Ct. 50, 60 L. Ed. 275, Carey v. Donohue, 240 U. S. 430, 36 Sup. Ct. 386, 60 L. Ed. 726, L. R. A. 1917A, 295, and Hoshaw v. Cosgriff, 247 Fed. 22, 159 C. C. A. 240 (Eighth Circuit), are to the same effect.

Nothing appears in the record to impeach the validity and good faith of the mortgage clause in the lease at the time the lease was executed. It therefore results that the judgment below should be reversed, and appellants allowed to take possession of the mortgaged property still remaining unsold, and of so much of the proceeds of that which has been sold, as will satisfy the claim for rent, with interest and costs; and it is so ordered.