SECURITY STATE BANK OF WALDORF v. E. A. BRECHT AND PETER BRECHT.

J. F. DETJEN, GARNISHEE.

FARMERS STATE BANK OF PEMBERTON, INTERVENER-APPELLANT.[1]

December 16, 1921.

No. 22,579.

**Appeal and error — discharge of garnishee — admitting intervener in garnishment.**

An order denying a motion to discharge a garnishee is not appealable, but one denying a motion to vacate an ex parte order making a claimant of the garnished property a party to the proceeding is appealable.

**Garnishment — fraud of creditor in obtaining note — inchoate lien of plaintiff.**

The garnishee disclosed an indebtedness to one of the defendants. Plaintiff applied for judgment on the disclosure. Subsequently the garnishee filed an affidavit, stating that a bank held his note representing the same indebtedness and running to one of the defendants who had transferred the note to the bank, and further stating that the payee had procured the note by trick and artifice. Upon the plaintiff's application, the bank was made a party and filed a pleading setting out the note. Plaintiff answered that the note had been procured by fraud on the part of the payee. *Held*:

(1) That the bank was properly made a party.

(2) That the plaintiff acquired an inchoate lien by the garnishment, which gave it the right to question the existence and validity of the note.

(3) That the disclosure did not show conclusively that the payment of the debt depended upon a contingency.

Action in the district court for Waseca county to recover $1,500 on a promissory note. The history of the litigation is narrated in the second paragraph of the opinion. The alternative motion of the Farmers

[1]Reported in 185 N. W. 1021.

State Bank of Pemberton to vacate the order making it a party and to dismiss the action as to it, or to discharge the garnishee, was denied, and its alternative motion to change the venue to Blue Earth county was granted, Childress, J. From that part of the order denying its motions, the bank appealed, while plaintiff obtained from this court an alternative writ of mandamus to review the order for the change of venue. Affirmed.

*S. B. Wilson,* for appellant bank.

*Moonan & Moonan,* for respondent bank.

LEES, C.

In this action, brought in the district court of Waseca county, a garnishee summons was issued and the garnishee made disclosure in substance as follows:

In June, 1919, the defendant Peter Brecht made a sale of the garnishee's farm to one Kent and was to receive a commission for his services. The garnishee gave Kent a contract for a deed and received a payment of $1,000. The contract called for an additional payment of $5,000 on March 1, 1920. Brecht's commission was $1,400. Asked when the commission was payable, the garnishee answered: "After receiving my second payment of $5,000, March 1, 1920." Plaintiff obtained a default judgment against the defendants and gave notice to the garnishee that upon his disclosure it would apply for judgment against him for $1,400. Before judgment was entered the garnishee was notified by the Farmers State Bank of Pemberton that his note to Peter Brecht for $1,400 was at the bank and fell due March 4, 1920. On June 30, 1920, the garnishee made an affidavit purporting to be supplementary to his disclosure. The substance of his affidavit was that Brecht procured the note by fraud, trick and artifice, and then transferred it to the Pemberton bank, which is threatening to enforce payment, and that the note represented the identical indebtedness to Brecht which the garnishee had disclosed. The affidavit concluded with a statement that it was made to enable plaintiff to have the Pemberton bank brought in to disclose its right, if any, to the money due from him to Brecht. On July 6, 1920, the district judge entered an order making the Pemberton bank a party to the proceeding, and requiring it to file an answer therein within 20 days after the service of the order or be barred of its claim.

On July 8, the order and a notice requiring it to appear were served on the bank. Pursuant to the order, it appeared and filed a pleading, alleging that on June 4, 1919, the garnishee executed to Peter Brecht a note for $1,400, payable nine months after date and that Brecht, before maturity, sold and transferred the note to the bank for a valuable consideration. Plaintiff responded by filing a pleading containing a general denial, accompanied by a specific allegation that Brecht had obtained the note by trick, artifice and deceit, without knowledge on the garnishee's part of the character of the instrument and without an intent to execute a note, and that there was no consideration for the alleged note. The Pemberton bank demurred to this portion of the pleading and also moved to strike it out as sham and frivolous. The court overruled the demurrer and denied the motion to strike. The bank also served notice of an application for the vacation of the order making it a party to the garnishment proceeding, for the discharge of the garnishee, and for a change of venue from Waseca county to Blue Earth county. The change of venue was granted, but in all other respects the application was denied. The Pemberton bank appealed from the order insofar as it denied its application, and the plaintiff obtained from this court an alternative writ of mandamus to review the order for a change of venue.

1. That portion of the order which denied the motion to discharge the garnishee was not appealable, Duxbury v. Shanahan, 84 Minn. 353, 87 N. W. 944, Krafve v. Roy, 98 Minn. 141, 107 N. W. 966, 116 Am. St. 346, but that portion of it which denied the motion to vacate the order making the Pemberton bank a party to the garnishment proceeding was appealable. Sundberg v. Goar, 92 Minn. 143, 99 N. W. 638; National Council K. & L. of S. v. Weisler, 131 Minn. 365, 155 N. W. 396. The bank was made a party by an ex parte order, which was not appealable. State v. District Court F. J. D. 52 Minn. 283, 53 N. W. 1157; West Pub. Co. v. De La Mott, 104 Minn. 174, 116 N. W. 103. As a general rule, neither is an order appealable which grants or denies a motion to vacate a nonappealable order. Brown v. Minn. T. Mnfg. Co. 44 Minn. 322, 46 N. W. 560; Lockwood v. Bock, 46 Minn. 73, 48 N. W. 458; Barrie v. Northern Assur. Co. 99 Minn. 272, 109 N. W. 248. There are exceptions to the rule, however, and this case falls within one of them. A final order affecting a substantial right in a special proceeding is ap-

pealable. If the order in question stands, the bank will be put to the expense of a lawsuit, unless it relinquishes its right of recovery upon the garnishee's note. Its substantial rights are affected and, under the rule stated in Sundberg v. Goar, supra, it was entitled to appeal.

2. On the merits the single question before us is whether the court was justified in retaining the Pemberton bank as a party to the proceeding.

After the bank appeared and served a pleading in response to the order making it a party, there may be some question as to its right to ask for the vacation of the order. A motion to vacate an order should be seasonably made. McLaughlin v. City of Breckenridge, 122 Minn. 154, 141 N. W. 1134, 142 N. W. 134, and the trial court might have denied the motion on the ground suggested. But, passing that question, we think the order should be sustained on the merits.

If the bank had or claimed an interest in the garnished property antedating the garnishment, it was properly brought in as a party. Section 7869, G. S. 1913. The garnished property was the indebtedness of the garnishee to Brecht. The bank's note represented the same debt. The point is made that the garnishee is liable on the note and hence garnishment will not lie. To make this objection available the existence of a valid note must be presupposed. If the note is void, the original debt was not merged in it and is still subject to garnishment. The pleadings put in issue the existence and validity of the note. The issue can only be determined by a trial on the merits, to which the parties are entitled as a matter of right. Parke, Davis Co, v. McWhirter, supra, page 234, 185 N. W. 648. It is urged, however, that no one but the garnishee may question the existence and validity of the note. We are not of that opinion. If the garnishee discloses that there is a claimant of the debt he admittedly owes, he has the right to ask that the claimant be made a party. This is necessary for his own protection. Rood, Garnishment, § 336; Levy v. Miller, 38 Minn. 526, 38 N. W. 700, 8 Am. St. 691. The garnishee did not know of the existence of the note when he made disclosure, but called attention to it by his affidavit subsequently filed. The practice may have been irregular, Milliken v. Mannheimer, 49 Minn. 521, 52 N. W. 139, but the affidavit seems to have been treated as a supplementary disclosure.

The garnishee is vitally interested in having his liability determined. On the one hand, plaintiff seeks to charge him as garnishee. On the other, the Pemberton bank seeks to hold him on his note. He is in danger of being required to pay his debt twice. Plaintiff is also interested and should be allowed to litigate the question of the validity of the note. By the service of the garnishee summons it acquired an inchoate lien upon the debt. Marsh v. Wilson Bros. 124 Minn. 254, 144 N. W. 959. The note is merely the evidence of the debt. It is necessary to investigate its character to determine the validity of the Pemberton bank's claim against the garnishee, and we think plaintiff acquired the right to question the note by attaching the debt. North Star B. & S. Co. v. Ladd, 32 Minn. 381, 20 N. W. 334; Coykendall v. Ladd, 32 Minn. 529, 21 N. W. 733. Citing Bacon v. Felthous, 103 Minn. 387, 115 N. W. 205, the point is made that plaintiff acquired no greater rights by garnishment than were had by Brecht himself. If limited to plaintiff's rights as to the garnishee, this is correct, but not so when plaintiff's rights so acquired are asserted against the Pemberton bank. North Star B. & S. Co. v. Ladd, supra. It is urged that the garnishee will not be damaged if he pays the note, even if it was procured by fraud. He concedes an indebtedness of $1,400, which both banks are seeking to collect from him. He cannot pay one without the hazard of having to pay the other also. The court should determine which of the two has the better right, to protect him from possible double liability.

It is contended that nothing was certainly owing by the garnishee when the summons was served upon him, and, therefore, he should be discharged. As already noted, we cannot review an order refusing to discharge a garnishee. However, both parties have argued the question and we will briefly consider it. A debt is subject to garnishment before it has become payable, if its payment does not depend upon any contingency. Section 7863, G. S. 1913. The contingency asserted here is that nothing would be due from the garnishee, unless Kent paid $5,000 on March 1. We are unable to take that view of the garnishee's testimony. As we read it, Brecht had earned his commission, but it was not payable until the second instalment of the purchase price of the farm fell due.

It is our conclusion that the Pemberton bank was properly retained as a party to the proceeding, and the order from which it appeals is therefore affirmed.