## FAYETTE MARSH v. WILSON BROTHERS.[1]

January 9, 1914.

Nos. 18,279—(157).

**Lien of garnishment.**

1. A creditor by the garnishment of a debt gets nothing more than an inchoate lien; and this inchoate lien can be perfected only by proceeding to judgment against the garnishee in the manner provided by statute.

**Tacking liens to defeat the bankrupt act.**

2. An inchoate lien by garnishment cannot be tacked to the lien of an execution on the judgment against the defendant and levied upon the indebt-

[1] Reported in 144 N. W. 959.

edness owing by the garnishee so as to make up the period of four months specified by section 60a, b, and section 67c, f, of the bankrupt act.

**Computation of time — preferred creditor.**

3. The defendant brought suit against one Grossman on April 27, 1912, and garnisheed one Galbraith. Nothing further was done by the garnishment. On June 15, 1912, it took judgment against Grossman and levied upon the debt due him by the garnishee. Grossman filed his petition in bankruptcy on September 14, 1912. It is *held* that the four months specified by the bankrupt act commenced to run in June, not in April, and that the trustee in bankruptcy could recover as a preference the money collected by the defendant on its execution.

Action in the district court for Ramsey county by the trustee in bankruptcy of Arthur Grossman to recover $727.18. The case was tried before Brill, J., who made findings and ordered judgment in favor of plaintiff for $720.18. From an order denying its motion to amend the conclusions of law or for a new trial, defendant appealed. Affirmed.

*Durment, Moore & Oppenheimer* and *Musgrave, Oppenheim & Lee,* for appellant.

*Jesse E. Greenman,* for respondent.

DIBELL, C.

This is an action by the trustee in bankruptcy of one Grossman to recover a sum of money received by the defendant Wilson Brothers upon an execution in its favor against Grossman upon the ground of a preference. There were findings for the plaintiff. The defendant appeals from an order denying its motion for a new trial.

1. On December 26, 1911, Grossman made a deed of trust to one Galbraith for the benefit of his creditors. It is conceded that the trust deed was invalid as to nonassenting creditors and that Galbraith was subject to garnishment. Moore v. Bettingen, 116 Minn. 142, 133 N. W. 561, Ann. Cas. 1913A, 816, and cases cited. On April 27, 1912, Wilson Brothers sued Grossman and garnisheed Galbraith, who disclosed an indebtedness in excess of $3,000, the proceeds of the property received under the trust. Nothing further was done in the garnishment proceeding. On June 15, 1912, judgment was entered in favor of Wilson Brothers against Grossman. Execution was

issued on June 19, 1912, and levied upon the indebtedness of Galbraith to Grossman and the execution was satisfied on June 29.

The service of the summons on the garnishee binds the indebtedness to respond to final judgment. R. L. 1905, § 4232; G. S. 1913, § 7862. Judgment is rendered against a garnishee, if at all, for the amount due the defendant or so much as is sufficient to satisfy the plaintiff's judgment. R. L. 1905, § 4246; G. S. 1913, § 7876. When the property disclosed is an indebtedness, it is reached only through a judgment against the garnishee. The plaintiff in garnishment can perfect his inchoate lien only by pursuing the garnishment and entering judgment against the garnishee. 2 Shinn, Attachment, 1012. What Wilson Brothers got was under the execution of June 19. If another creditor had taken judgment and issued execution against Grossman after the garnishment of April 27, but prior to the execution of June 19, his right would have been superior to that of Wilson Brothers. Nothing was gotten by the garnishment for no lien was perfected. Langdon v. Thompson, 25 Minn. 509; Pitzl v. Winter, 96 Minn. 499, 105 N. W. 673, 5 L.R.A.(N.S.) 1009.

2. The inchoate lien which Wilson Brothers got on April 27, 1912, by its garnishment, cannot be tacked to the lien of its execution of June 19, so as to make the preference four months prior to bankruptcy. It is not like the voluntary exchange of one valid security for another of like value or the renewal of notes secured by a pledge of the same property, illustrated by Sawyer v. Turpin, 91 U. S. 114, 23 L. ed. 235, and Chattanooga National Bank v. Rome Iron Co. (C. C.) 102 Fed. 755.

3. The facts essential to constitute a preference are found. Bankrupt Act 1898, § 60a, b, 30 St. 562, as amended by act of February 5, 1903, 32 St. 797, 799, c. 487, § 13, and act of June 25, 1910, 36 St. 838. The preference must be within four months of the filing of the petition in bankruptcy. Id. See also Bankrupt Act 1898, § 67c, f, 30 St. 544. Grossman filed his petition in bankruptcy on September 14, 1912. The date from which to reckon the four months is in June and not in April. The preference was therefore within four months of the bankruptcy and the trustee in bankruptcy was entitled to recover the money collected by the defendant on its execution.

Order affirmed.