In re LINCKS WIRE FORMING CO.

KLINESCHMIDT et al. v. SCHMIDT.

No. 4703.

Circuit Court of Appeals, Seventh Circuit.

July 14, 1932.

Rehearing Denied Oct. 6, 1932.

Walter A. John, of Milwaukee, Wis., for appellants.

Carl H. Juergens, of Milwaukee, Wis., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

ALSCHULER, Circuit Judge.

The appeal is from an order of the District Court confirming that of the referee in bankruptcy, in a summary proceeding against appellants, requiring appellants to pay over to the trustee the avails of certain garnishment proceedings in the civil court of Milwaukee.

Klineschmidt, a director and vice president of bankrupt corporation, by Maddock, his attorney, on November 5, 1930, commenced in the civil court an action for wages alleged to be due him from the corporate bankrupt, and at the same time instituted garnishment proceedings against certain debtors of the bankrupt. The garnishees made answer admitting indebtedness to bankrupt, payment of which the civil court ordered them to withhold pending the outcome of the principal action.

The civil court, on May 7, gave judgment in the principal action in favor of Klineschmidt, and ordered the garnishees to pay to the clerk of the civil court the sums they held, which was done—the first payment on May 15, and the last on May 20, 1931. The petition in bankruptcy was filed May 11, 1931, and on May 13 notice of the bankruptcy was filed with the clerk of the civil court.

Three propositions are involved: (1) Was the summary proceeding justified? (2) Did the service of the garnishee process more than four months prior to the petition in bankruptcy give Klineschmidt such a lien as the bankruptcy would not avoid? (3) Does the record warrant the conclusion that at the time the garnishment proceedings were commenced bankrupt was insolvent and had ceased to transact business; and, if so, could Klineschmidt, a corporate officer and director, secure a lien as against the bankrupt's other creditors?

The first question must be resolved against appellants' contention of want of summary jurisdiction of the bankruptcy court. At the time bankruptcy intervened the fund had been paid over to the clerk and was in his possession. After notice to him of the bankruptcy, of which fact both appellants were well aware, the clerk of the civil court paid it over to Maddock as attorney for Klineschmidt. If it be assumed (as will later appear) that Klineschmidt was not entitled to this money, then by virtue of the bankruptcy, and to the knowledge of appellants, it was the property of the bankrupt estate in the hands of the clerk to the same

extent as if the commencement of the garnishment proceedings had been within the four months period. Under these circumstances the summary proceeding for requiring its being turned over to the estate was proper.

As to the second proposition: The Wisconsin statutes provide for garnishment proceedings upon commencement of an action (chapter 267, Wis. Stats. 1929); but there is contrariety in the authorities respecting the character of the lien thereby given. Some indicate that the garnishment alone, if more than four months before the bankruptcy, will confer the lien, good against bankrupt, notwithstanding judgment in the principal action is rendered within or after the four months period preceding the bankruptcy. Bank of Commerce v. Elliott, 109 Wis. 648, 85 N. W. 417; Eau Claire Nat. Bank v. Chippewa Valley Bank, 124 Wis. 520, 102 N. W. 1068, 109 Am. St. Rep. 966; Maxwell v. Bank of New Richmond, 101 Wis. 286, 77 N. W. 149, 70 Am. St. Rep. 926; La Crosse Nat. Bank v. Wilson, 74 Wis. 391, 43 N. W. 153. Others indicate that there is no lien as against bankruptcy unless judgment in the principal action was given prior to the four months period. Marsh v. Wilson Bros., 124 Minn. 254, 144 N. W. 959; In re West Hotel, 34 F.(2d) 832 (D. C. Minn.); In re Lesser, 108 F. 201 (D. C. N. Y.).

Our views upon the third proposition make it unnecessary that we discuss or pass upon the second.

We believe the record sufficiently shows that at the time of the commencement of the garnishment the corporation was insolvent and had ceased to operate. In this situation the officers and directors became equitable trustees of the corporate property for the benefit of the creditors generally, and they could not secure liens thereon for the payment or satisfaction of their own demands against the corporation. Schmitz v. Wisconsin Soap Mfg. Co., 204 Wis. 149, 235 N. W. 409; Hinz v. Van Dusen, 95 Wis. 503, 70 N. W. 657; Detroit Trust Co. v. Shantz (D. C.) 291 F. 915.

It is contended that the testimony of the public accountant who, about the time of the garnishment, and with Klineschmidt's knowledge, made an audit of this corporation, to the effect that it showed a deficit of over $5,000, is not reliable, in that this deficit included as a liability the capital stock of the company. There is nothing in the record to sustain this claim. The audit is

not before us, and we cannot determine any such question merely upon counsel's assertion. The fact that this director then commenced the suit and the garnishment action has some evidentiary bearing upon the company's solvency. The company's cessation of business, coupled with the auditor's testimony, afforded evidence tending to sustain the finding of insolvency, particularly as no contradictory evidence appears.

It is at least interesting to note in appellants' brief herein the undertaking to explain their statement in their brief before the District Court "that said bankrupt was insolvent and non-operating at the time of the service of the garnishee process"—the explanation being that the record was not then before counsel. But the record here does not conflict with the fact as stated in the District Court brief, and upon which the court had the right to rely.

It is further urged that the garnishment proceedings were resisted by the corporation. In our judgment there is nothing to indicate that the corporate resistance was any more than formal and perfunctory.

We believe that upon this issue the state of the record does not warrant our disturbance of the referee's finding and the District Court's conclusion.

The order is affirmed.