## REIFSNYDER v. B. LEVY & SON et al.[*]
### No. 6163.

Circuit Court of Appeals, Third Circuit.

Feb. 10, 1937.

Rehearing Denied March 23, 1937.

THOMPSON, Circuit Judge, dissenting.

———◆———

Don Reifsnyder and Welles, Mumford, Stark & McGrath, all of Scranton, Pa., for appellant.

R. L. Levy and J. Julius Levy, both of Scranton, Pa., for appellees.

Before BUFFINGTON, DAVIS, and THOMPSON, Circuit Judges.

BUFFINGTON, Circuit Judge.

In this case it appears that on November 5, 1934, a petition in bankruptcy was filed against the Scranton Knitting Mills, Inc., and thereafter it was adjudicated bankrupt. It further appears that at the date of its organization and since Jacob Levy and I. Gates Levy were directors thereof and the former was its treasurer. The two Levys had guaranteed payment of accounts owed by the bankrupt and, with knowledge of the company's insolvency and shortly before bankruptcy, they took the money of the bankrupt from the bank where it was deposited and used it to pay the accounts they had guaranteed. Moreover, at the time the petition was filed, the bankrupt had money on deposit which the Levys checked out to the extent of $15,635.69 and used to pay accounts of the bankrupt guaranteed by them. The receiver filed a petition for an order on the Levys to pay over to him the money of the bankrupt thus paid out by its officers after the bankruptcy and, on hearing by the referee, the Levys petitioned the rule be discharged on the ground that the remedy of the receiver was by plenary suit and not by summary petition. The referee denied their motion, but was overruled by the court. Thereupon the receiver appealed, and the question involved is "whether jurisdiction in a summary proceeding against an officer of the bankrupt corporation shall be denied where it appears that after the petition in bankruptcy was filed the said officer paid the bankrupt's funds to himself, to relatives who were to hold the proceeds for himself or his wife, and to creditors on whose obligations he was personally liable as endorser or guarantor."

The decisive facts in the case are that when the petition in bankruptcy was filed, the bankrupt had this money on deposit. The Levys, as officers of the bankrupt company, were in duty bound to safeguard the assets of the company and in due course turn them over to the court. This duty they failed to perform and for this violation of what was in reality an equitable trust imposed on them by law, undoubtedly the court had power to protect itself and was not compelled to have resort to a plenary action against the officers of the company. Such view has the warrant of both reason and justice and, in spirit, the support of authorities. See In re Columbia Shoe Co. (C.C.A.) 289 F. 465; In re Lincks Wire Forming Co. (C.C.A.) 60 F.(2d) 770.

So holding, the order of the court below is vacated and the record remanded for procedure before the referee in due course.

*Writ of certiorari denied 57 S.Ct. 926, 81 L.Ed. ——.

THOMPSON, Circuit Judge (dissenting).

I am constrained to dissent because of my view that the District Court was right in its conclusion that it did not have summary jurisdiction.

I think the decree should be affirmed.