UNITED STATES of America,
Plaintiff,

v.

Glenn A. ERLANDSON, d/b/a Glenn's Giant Submarine and Pizza Shop, Franklin National Bank of Minneapolis and Elizabeth Silliman, Defendants.

No. 4–68–Civ. 230.

United States District Court,
D. Minnesota,
Fourth Division.

Aug. 20, 1969.

Joseph T. Walbran, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

N. E. Stewart, Minneapolis, Minn., for defendant Silliman.

LARSON, District Judge.

The following was stipulated to at trial:

1. The Summons and Complaint in the action of Mrs. Elizabeth Silliman, formerly known as Lily Elizabeth Fox, Plaintiff, versus Glenn A. Erlandson, Defendant, was filed April 19, 1966, in Municipal Court, First Division, City of Minneapolis, County of Hennepin, State of Minnesota, under File No. 508403, said action arising out of a claim based on a promissory note dated January 27, 1965, asking for a money judgment in the amount of $2,-580.

2. The Summons and Complaint was served on the defendant Glenn A. Erlandson on April 23, 1966.

3. The Garnishee Summons was served on the Franklin National Bank of Minneapolis on April 19, 1966.

4. On April 27, 1966, the Franklin National Bank disclosed that it held $2,054.34 for garnishment.

5. Defendant's attorney, Samuel H. Bellman, served on the attorney for the plaintiff Elizabeth Silliman an Answer in the nature of a general denial.

6. Plaintiff moved for Summary Judgment on January 20, 1967, on the basis that there was no genuine issue on a material fact. Defendant Erlandson made no appearance and did not serve an opposing affidavit.

The Motion was granted to the plaintiff and an Order for Judgment was signed by the Court on January 24, 1967.

It is also undisputed that on June 17, 1966, an assessment was made against the defendant Glenn A. Erlandson by an agent of the Secretary of Treasury for Federal income taxes and interest for

the taxable year 1965. It was likewise agreed that this tax lien was filed on September 15, 1966, in the office of the Register of Deeds for Hennepin County.

The single question presented by this case is whether or not a Federal tax lien which was recorded subsequent to the execution of a garnishment summons but before the garnishing creditor obtained judgment is entitled to priority.

■ Although the Supreme Court of the United States has on several occasions held that for purposes of determining the priority of liens the principle of "first in time, first in right" shall apply, Meyer v. United States, 375 U.S. 233, 234, 84 S.Ct. 318, 11 L.Ed.2d 293 (1963); United States v. Pioneer American Insurance Co., 374 U.S. 84, 83 S.Ct. 1651, 10 L.Ed.2d 770 (1963); United States v. City of New Britain, 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954), this rule is operative only if the lien attached to the property and is choate. United States v. Pioneer American Insurance Co., *supra*. To determine the status of a lien the Supreme Court has stated the following criteria:

> "The federal rule is that liens are 'perfected in the sense that there is nothing more to be done to have a choate lien—when the identity of the lienor, the property subject to the lien, and the amount of the lien are established.'" United States v. Pioneer American Insurance Co., supra; United States v. City of New Britain, supra.

In United States v. Security Trust & Savings Bank, 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950), the Court addressed itself to the question of how an attachment or garnishment lien was to be treated. The Court held that for purposes of evaluating priorities the classification of an attachment lien by State law as inchoate is practically conclusive; a Federal tax lien will not be defeated by a contingent attachment lien prior in time. In United States v. Acri, 348 U.S. 211, 75 S.Ct. 239, 99 L.Ed. 264 (1954), the Court expanded this principle by ignoring State law which categorized the attachment lien as perfected and instead substituted its own determination that the lien was inchoate because the outcome of the lawsuit was still undecided. That these decisions are equally applicable to garnishment proceedings is demonstrated by United States v. Liverpool & London & Globe Insurance Co., Ltd., 348 U.S. 215, 75 S.Ct. 247, 99 L.Ed. 268 (1954).

■■ In view of the holdings of the above cited cases and the Minnesota position that a garnishment is an inchoate lien perfected only by judgment, Marsh v. Wilson Bros., 124 Minn. 254, 144 N.W. 959 (1914), it is the opinion of this Court that the Federal tax lien should be granted a priority. Counsel for the garnishor contends that the nature or merits of the original action for which the garnishment was issued should have the effect of perfecting the lien at an earlier date, but the fact still remains that the Order for Judgment was not entered until after the perfection of the tax lien and no cases creating an exception based on the relative merits can be found.

Counsel for plaintiff will submit an Order for Judgment to be approved by the Court.