**In the Matter of Salvatore & Valerie CUNI, Debtors.**

**Martin W. HOFFMAN, Trustee, Plaintiff,**

v.

**PEOPLES BANK, f/k/a State Bank For Savings; Security Pacific Finance Corp.; Citizen's Bank & Trust Company; Theodore Jedidian, Ted's Vending and Amusement Co., Inc.; Better Loan Society, Inc.; Aaron Dubitzky; State of Connecticut, Department of Revenue Services; Rudolf Pizzoferrato; United States of America, Internal Revenue Service; City of Hartford, Tax Collector; Salvatore Cuni and Valerie Cuni, Debtors, Defendants.**

**Bankruptcy No. 2–85–00262. Adv. No. 2–85–0170.**

United States Bankruptcy Court, D. Connecticut.

Dec. 24, 1986.

Larry R. Levine, Hartford, Conn., for debtor-defendants.

Martin W. Hoffman, Hartford, Conn., for trustee-plaintiff.

Merrell B. Green, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for U.S., I.R.S.

Jonathan L. Ensign, Asst. Atty. Gen., State of Conn., Tax Dept., Hartford, Conn., for State of Conn., Dept. of Revenue Services.

Theodore A. Lubinsky, Hartford, Conn., for Better Loan Soc., Inc.

## MEMORANDUM OF DECISION

ROBERT L. KRECHEVSKY, Chief Judge.

The trustee's motion for a determination of priorities among three competing liens attaching to the proceeds from a sale of estate property gives rise to this core proceeding.[1] *See* 28 U.S.C. § 157(b)(2)(K). No evidentiary hearing has been held, the lien claimants, the trustee and the debtors having stipulated to most of the following background. Additional facts have been

---

1. There is a fourth recorded lien held by one Theodore Jedidian, but the lien looks to be void on its face. Jedidian has not appeared in the proceeding, and a judgment of default is entered for his failure to appear and defend, and the lien is avoided.

culled from the debtors' joint bankruptcy petition and the case file.

## I.

Pursuant to court authority, Martin W. Hoffman, trustee in this chapter 7 case, sold 51–53 Henry Street, Hartford, Connecticut (the realty) at private sale, with all encumbrances of record ordered to attach to the proceeds of sale. The sale, concluded on December 31, 1985, resulted in the trustee's receipt of $120,601.51. After paying or providing for the payment of the first three mortgages on the realty and expenses of the sale, including the trustee's fees, a balance of $14,010.05 remained.

Better Loan Society, Inc. (Better Loan) holds the lien first in time of the three liens in issue, a prejudgment attachment in the amount of $2,500.00, recorded on January 8, 1985.[2] Better Loan claims the balance due on its debt is $1,808.35, plus interest.

The State of Connecticut (State) filed a tax lien for $6,798.98 on February 15, 1985, based upon unpaid sales and use taxes due from Valerie Cuni and Salvatore Cuni, the debtors, as the responsible officers of Cuni, Inc.[3]

The United States filed a tax lien for $10,650.42 on March 27, 1985, for unpaid withholding and FICA taxes. The lien is based upon the debtors' liability as the persons responsible for Cuni, Inc.'s failure to pay its withholding and FICA taxes.

## II.

### THE BETTER LOAN LIEN

The lien rights of Better Loan arise under Conn.Gen.Stat. §§ 52–278a *et seq.*, which authorize prejudgment attachment of property, when there is probable cause that a judgment will be rendered in favor of a plaintiff, in order to secure such judgment. Better Loan contends its lien, although prior in time to the liens of both the State and the United States, is superior only to the lien of the State, for reasons explained in sections III and V, *infra*.

## III.

### THE UNITED STATES LIEN

The United States lien rights derive from 26 U.S.C. §§ 6321 *et seq.*, which make any person, such as an officer or employee of a corporation, who is under a duty to and willfully fails to pay withholding and FICA taxes, liable for a penalty equal to the unpaid taxes. The government is given lien rights against such person's property. Federal tax liens are subject to the generally accepted rule that liens prior in time are prior in right. Settled case law, however, requires that for a competing nonfederal lien that is first in time to be granted priority over a federal tax lien, the competing lien must be perfected or "choate" in the sense that there is nothing more to be done when the federal lien arises. "A state-created lien is not choate until the 'identity of the lienor, the property subject to the lien, and the amount of the lien are established'." *United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 722 (1979) (citations omitted). Accordingly, as Better Loan concedes, its prejudgment attachment lien, not having been reduced to judgment prior to the filing of the federal lien, was inchoate and therefore inferior to the United States lien. *See United States v. Security Trust & Savings Bank*, 340 U.S. 47 (1950). There is no dispute in this proceeding as to any of the foregoing. The main issue is the claim of the United States that its tax lien, although not prior in time, is superior to the tax lien of the State, based upon the facts the State has acknowledged in a stipulation signed by all the appearing parties and filed on October 14, 1986, with the court (the stipulation). The pertinent provisions of the

---

**2.** All three recordings referred to were made, in accordance with Connecticut law, against the realty by the filing of lien documents in the Town Clerk's office of Hartford, Connecticut.

**3.** Cuni, Inc., a Connecticut corporation in which the debtors are the stockholders, did business as Bogart's Cafe at a shopping center located in Marlborough, Connecticut. Salvatore Cuni is the corporation's president.

stipulation are set forth in section IV, *infra.*

## IV.

### THE STATE OF CONNECTICUT LIEN

In 1982, the Connecticut General Assembly first enacted legislation imposing personal liability on corporate officers responsible for payment of corporate sales and use taxes. Conn.Gen.Stat. § 12–414a provides:

*Personal liability of corporate officers for willful nonpayment of taxes collected*

If any corporation, required in accordance with section 12–414 to file any return for purposes of the sales and use tax, fails to file such return or pay to the commissioner of revenue services the amount of tax related thereto, any officer of such corporation responsible for or having supervision of the filing of such return or payment of such tax who willfully failed to file such return or pay such tax shall be personally liable for the total amount of such tax and any penalty or interest attributable to such failure, provided the amount of such tax, penalty or interest with respect to which such officer is personally liable under this section shall only be imposed against such officer in the event that such tax, penalty or interest attributable to such officer's failure cannot otherwise be collected from the corporation itself in accordance with section 12–420. The amount of such tax, penalty or interest with respect to which such officer may be personally liable under this section shall be collected in accordance with said section 12–420 and any amount so collected shall be allowed as a credit against the amount of such tax, penalty or interest due and owing from such corporation. The dissolution of such corporation shall not discharge such officer in relation to any personal liability under this section for willful failure to file such return or pay such tax prior to dissolution, except as otherwise provided in this section.

Conn.Gen.Stat. § 12–420 governs collection of sales and use taxes, and provides in part as follows:

The amount of any tax, penalty or interest due and unpaid ... may be collected under the provisions of section 12–35. The warrant therein provided for shall be signed by the commissioner or his authorized agent. The amount of any such tax, penalty and interest shall be a lien, from the last day of the month next preceding the due date of such tax until discharged by payment, against all real estate of the taxpayer within the state, and a certificate of such lien signed by the commissioner may be filed for record in the office of the clerk of any town in which such real estate is situated, provided no such lien shall be effective as against any bona fide purchaser or qualified encumbrancer of any interest in any such property....

The collection provisions of Conn.Gen.Stat. § 12–35 state in part:

Upon the failure of any person to pay any tax ... due [the state] within thirty days of its due date, the state collection agency charged by law with the collection of such tax may make out and sign a warrant directed to any serving officer for distraint upon any property of such person found within the state, whether real or personal. An itemized bill shall be attached thereto, certified by the state collection agency issuing such warrant as a true statement of the amount due from such person. Such warrant shall have the same force and effect as an execution issued pursuant to chapter 906. Such warrant may be levied on any real property or tangible or intangible personal property of such person, and sale made pursuant to such warrant in the same manner and with the same force and effect as a levy of sale pursuant to an execution....

The stipulation contains the following description of the State's customary procedures in collecting taxes from corporate officers, and those that occurred in the present proceeding.

After a notice of Corporate Assessment has been issued and is determined to be uncollectible, the customary procedure followed by the Connecticut Department of Revenue Services for collecting against Corporate Officers under Conn. Gen.Stat. 12–414(a) [sic] is to send the responsible officer an initial warning letter setting forth the unpaid sales and use tax obligation of the Corporation, the fact that Conn.Gen.Stat. 4–414(a) [sic] imposes personal liability on responsible corporate officers, and the agencies [sic] intentions to proceed after 15 days against the officers. If the tax has not been paid within 15 days, the Department mails a letter to the corporate officer with an attached itemization of the tax liability stating that it considers the corporate officers liable for the tax. The letter further states that this letter and attachment constitutes [sic] a notice of assessment which becomes final if the corporate officers do not file with the Department a petition for reassessment within 30 days. No such letters were mailed to Salvatore or Valerie Cuni with respect to the unpaid liabilities [sic] of Cuni, Inc.

In the instant matter Salvatore Cuni had telephoned John Fannelli, Assistant Director of the enforcement and collection division of the Conn. Department of Revenue Services, and urged and requested the Department of Revenue Service [sic] to file the tax lien on the 51–53 Henry Street property.

*Stipulation* at 3–4. The United States memorandum of law raises three contentions as to why the State lien is either entirely invalid or inferior to the United States lien, based upon the stipulated facts applied to the foregoing statutes.

## V.

### A.

The United States first argues that the debtors never became liable for the unpaid sales and use taxes due from Cuni, Inc. and that the State lien is correspondingly invalid because the State failed to proceed first

against the corporation and to exhaust its statutory remedies. Although not specifically so stated in the stipulation, it appears from the memoranda of the State and the United States that the State did not issue the warrant referred to in § 12–35 against Cuni, Inc. when, on February 6, 1985, it received the Cuni, Inc. tax returns without any payments. Instead, at the direction of Salvatore Cuni, the State proceeded to file a tax lien against the debtors' realty on February 15, 1985. The United States contends that the State's failure to issue a warrant against Cuni, Inc. and attempt to levy upon it before proceeding against the debtors invalidates the State lien. The United States claims that these steps are "prerequisite" to making the debtors personally liable for the sales and use taxes.

 I do not agree with this reading of § 12–414a. The statutory requirement of having the State first pursue collection against the corporation before charging the responsible officer is intended only as protection for such officers. *See* 25 Conn.H.R. Proc., Pt. 14, 1982 Sess., pp. 4495–4499 (floor discussion of § 12–414a limited to concern over undue exposure of corporate officers). Those officers have the right to waive such provisions. The United States has set forth nothing to contradict this obvious reading of the statute. Cuni, Inc., at the time concerned, was undoubtedly assetless, with both the United States and the State seeking to impose personal liability upon the debtors. The United States has not shown how it was prejudiced by the State forgoing a purposeless attempt to collect initially from the corporation.

The debtors requested the State to place a lien on their property, clearly admitting their liability for the entire tax and waiving the statutory condition that the State first attempt to collect from their worthless corporation. In light of such a waiver, the argument of the United States, for which it cites no authority, that the failure of the State to comply with § 12–414a before exercising its rights against the debtors voids the State lien, is meritless.

## B.

■ The United States next argues that the "lien ... against all real estate of the taxpayer" provided by § 12–420 covers only realty owned by the party primarily liable for the tax, in this case, Cuni, Inc. Therefore, it says, the State has no such remedy against the responsible corporate officer, because "taxes do not rise to a lien status unless expressly so provided by statute." *United States memorandum* at 7.

This argument is unavailing. The term "taxpayer" admittedly is nowhere defined in the Connecticut statutes, but "the words of a statute are to be construed with common sense and 'according to the commonly approved usage of the language.'" *State v. Pellegrino,* 194 Conn. 279, 284, 480 A.2d 537 (1984) (citations omitted). The term's most natural meaning should be, akin to the one in the Internal Revenue Code, any person subject to a tax. *See* 26 U.S.C. § 7701(a)(14). If the debtors were liable for state sales and use taxes under Conn. Gen.Stat. § 12–414a, then they were "taxpayers", and § 12–420 affords the State a lien on the debtors' realty.

## C.

■ The final position of the United States is that the State tax lien was not sufficiently choate to be granted priority over the United States tax lien. *See* section III, *supra.* One element supporting a claim of inchoateness in the view of the United States is the State's failure to issue a warrant and to attempt to levy upon corporate property before imposing personal liability on the debtors. Because of this failure to make an independent determination that Cuni, Inc. could not pay the taxes, the United States concludes "there can be no personal liability for the corporation's unpaid taxes and therefore the identity of the person individually liable, the identity of the lienor, is unknown and the State's lien in [sic] thus inchoate." *United States memorandum* at 13. Furthermore, the United States asserts, the State has made no determination of "the amount of the unpaid tax attributable to some failure of

the corporate officers against whom personal liability is sought", and "certainty regarding the amount of the lien" is not established. *Id.*

Having decided in section A, *supra,* that the debtors' request to the State, that the State forgo the collection procedures against an assetless corporation, does not affect the validity of the State's lien on the debtors' property, I further conclude that the State's lack of action against the corporation does not affect the choateness of its lien so as to give priority to the federal tax lien. Despite the contentions of the United States, the identity of the lienor, the property subject to the lien, and the amount of the lien were all established before the filing of the federal lien. *See United States v. Vermont,* 377 U.S. 351, 84 S.Ct. 1267, 12 L.Ed.2d 370 (1964) (application of test of choateness to state tax lien); *United States v. Herzog (In re Thriftway Auto Rental Corp.),* 457 F.2d 409 (2nd Cir.1972) (application of test of choateness to New York City tax lien); *cf. Priest v. Progressive Savings & Loan Ass'n (In re Priest),* 712 F.2d 1326 (9th Cir.1983) (California tax lien found to fail choateness test). In summary, all arguments of the United States as to why it is entitled to priority over the State lien are found insufficient.

## VI.

■ Better Loan has conceded that its prejudgment attachment lien is inferior in right to the United States tax lien. Better Loan asserts, however, that its lien is superior and prior in right to the State's tax lien because it is prior in time. *See* § 12–420, *supra* (tax lien not "effective as against ... a qualified encumbrancer"). The State does not contend to the contrary. The result of all of this is that the State lien is superior to the United States lien, which is superior to the Better Loan lien, which is superior to the State lien. When faced with this "circular priority" problem, the rule of *United States v. City of New Britain,* 347 U.S. 81, 74 S.Ct. 367, 98 L.Ed. 520 (1954), applies. The amount of the State lien which has priority over the United

States lien is set aside as a fund. From this fund, the Better Loan lien, which has a priority over the State lien according to state law, is satisfied. The balance of the fund is payable to the State. The United States receives all remaining monies. *See also McKee-Berger Mansueto, Inc. v. Board of Educ.,* 691 F.2d 828, 834 (7th Cir.1982). The Better Loan and State liens, as fully secured liens, are entitled to interest to date of payment. It is

SO ORDERED.