**In the Matter of John ANDERSON, Debtor.**

**In the Matter of Cynthia ANDERSON, Debtor.**

**Bankruptcy Nos. 2–89–01491, 2–91–02199.**

United States Bankruptcy Court, D. Connecticut.

Sept. 4, 1991.

Robert A. Izzo, Elliot, Stanek, Izzo & Mazzaccaro, Southington, Conn., for creditor—Meriden Box Co.

Stephen C. Best, Sp. Asst. U.S. Atty., Dist. Counsel, I.R.S., East Hartford, Conn.

---

MEMORANDUM OF DECISION AND ORDER RE: MOTION TO DETERMINE DISPOSITION OF PROCEEDS OF SALE OF ESTATE PROPERTY

ROBERT L. KRECHEVSKY, Chief Judge.

## I.

## ISSUE

The sole question raised by this proceeding is whether a creditor's real estate lien was sufficiently perfected or "choate" so as to prevail over a subsequently recorded federal tax lien. The parties have submitted the issue by way of briefs and the following stipulation of facts (somewhat reformed by the court).

## II.

## STIPULATION OF FACTS

1. The creditor, Meriden Box Company (Meriden Box), recorded, pursuant to Conn. Gen.Stat. § 52–285,[1] a prejudgment real estate attachment on January 5, 1988, in Volume 436, Page 655 of the Southington Land Records, covering the interest of John Anderson in the debtors', John and Cynthia Anderson, premises known as 611 Old Turnpike Road, Southington, Connecticut (the property).

2. On August 11, 1989, Meriden Box obtained a judgment in a Connecticut state court against John Anderson in the amount of $29,186.00 plus costs, which judgment debt, Meriden Box asserts, totals $43,901.57 as of July 23, 1991.

3. On November 3, 1989, the United States of America acting on behalf of the Internal Revenue Service (IRS), filed a notice of federal income tax lien in the amount of $56,258.57 against the debtors' property, recorded in Volume 482, Page 671 of the Southington Land Records.

4. On November 3, 1989, following the filing of the federal tax lien, the debtors filed a joint voluntary bankruptcy case under chapter 11.

5. On December 11, 1989, Meriden Box, after obtaining relief from the automatic stay, recorded a judgment lien pursuant to Conn.Gen.Stat. § 52–380a(b)[2] on the Town of Southington Land Records, in Volume 484 at pages 764 to 766, referring to and identifying the prior attachment.

6. On April 15, 1991, pursuant to court order, the debtors' property was sold free and clear of liens and encumbrances with the same to attach to the proceeds of sale.

7. On April 23, 1991, the court converted the debtors; chapter 11 case to one under chapter 7, and John J. O'Neil, Jr., Esq. was appointed as trustee of the estate.

8. The trustee now holds a balance of approximately $41,000.00 in sales proceeds, and on June 26, 1991, Meriden Box moved the court to determine the disposition of the proceeds in which Meriden Box and the IRS claim lien interests. *See* Bankr.Code § 725.

## III.

## DISCUSSION

 Federal tax liens are subject to the generally accepted rule that liens pri-

1. *Conn.Gen.Stat.Ann. § 52–285 (West Supp. 1991). Attachment of Real Estate.*
 Real estate shall be attached by the officer by leaving in the office of the town clerk of the town in which it is situated a certificate that he has made such attachment, which shall be endorsed by the town clerk with a note of the precise time of its reception and recorded at length in the land records of such town; and such attachment, if completed as hereinafter provided, shall be considered as made when such certificate has been so lodged....

2. *Conn.Gen.Stat.Ann. § 52–380a (West Supp. 1991). Judgment lien on real property.*
 (a) A judgment lien, securing the unpaid amount of any money judgment ... may be placed on any real property by recording, in the town clerk's office in the town where the real property lies, a judgment lien certificate....
 (b) .... If, within four months of judgment, the lien is placed on real property which was previously attached in the action, the lien on that property shall hold from the date of attachment, provided the judgment lien certificate contains a clause referring to and identifying the attachment....

or in time are prior in right. Settled case law, however, requires that for a competing nonfederal lien that is first in time to be granted priority over a federal tax lien, the competing lien must be perfected or "choate" in the sense that there is nothing more to be done when the federal lien arises. "A state-created lien is not choate until the 'identity of the lienor, the property subject to the lien, and the amount of the lien are established'." *Hoffman v. Peoples Bank, (In re Cuni),* 68 B.R. 664, 666 (Bankr.D.Conn.1986) (citations omitted). Although a court looks to local law for lien procedure and its legal consequences, it is federal law that determines "the actual legal effect of the lien whose priority is in question."[3] *Hartford Provision Co. v. United States,* 579 F.2d 7, 9 (2nd Cir.1978).

Restated briefly, the pertinent chronological sequence of events in the present matter is: (a) Meriden Box records a prejudgment attachment certificate; (b) Meriden Box obtains a final judgment in state court on the claim referred to in the attachment certificate; (c) the IRS records a notice of federal tax lien; (d) the debtors file a joint bankruptcy petition;[4] (e) Meriden Box records a judgment lien.

Meriden Box contends that the state court final judgment having been entered *prior* to the recording of the IRS lien, the judgment lien timely recorded holds from the date of attachment and prevails over the IRS lien. Meriden Box Memorandum at 2. The IRS argues "that the date of attachment can never be the operative date in determining priority of a federal tax lien [because] [t]o do so would violate the concept of choateness," citing *United States v. Security Trust and Sav. Bank of San Diego,* 340 U.S. 47, 71 S.Ct. 111, 95 L.Ed. 53 (1950) (U.S. tax lien is prior in right to an attachment lien where federal tax lien was recorded subsequent to the date of the attachment lien but prior to the date the attaching creditor obtained judgment). IRS Memorandum at 8. The IRS concludes: "In short, once the Service made its assessments and Meriden Box obtained its judgment, there is a race between the two to see who records first. In the instant case, the Service won the race. Therefore, its statutory lien has priority in the proceeds to Meriden Box's judgment." IRS Memorandum at 7.

Controlling precedent of this circuit determines the issue adversely to the position of the IRS. In *Hartford Provision Co. v. United States,* supra, with a factual predicate fairly comparable to that of the present matter,[5] the Court of Appeals (al-

---

**3.** Section 6323 of Title 26, United States Code governs the validity and priority of federal tax liens. Subsection (a) of that section provides that the federal tax lien "... shall not be valid as against any ... judgment lien creditor until notice ... has been filed...." Treasury Regulation 301.6323(h)–1(g) (1991) provides the following definition of a judgment lien creditor under 26 U.S.C. § 6323:

The term "judgment lien creditor" means a person who has obtained a valid judgment, in a court of record and of competent jurisdiction, for the recovery of specifically designated property or for a certain sum of money. In the case of a judgment for the recovery of a certain sum of money, a judgment lien creditor is a person who has perfected a lien under the judgment on the property involved. A judgment lien is not perfected until the identity of the lienor, the property subject to the lien, and the amount of the lien are established. Accordingly, a judgment lien does not include an attachment or garnishment lien until the lien has ripened into judgment, even though under local law the lien of the of the

judgment relates back to an earlier date. If recording or docketing is necessary under local law before a judgment becomes effective against third parties acquiring liens on real property, a judgment lien under such local law is not perfected with respect to real property until the time of such recordation or docketing. If under local law levy or seizure is necessary before a judgment lien becomes effective against third parties acquiring liens on personal property, then a judgment lien under such local law is not perfected until such levy or seizure of the personal property involved. The term "judgment" does not include the determination of a quasi-judicial body or of an individual acting in a quasi-judicial capacity such as the action of State taxing authorities.

**4.** On June 12, 1991, the court, upon the motion of Cynthia Anderson, ordered the debtors' joint case to be administered as separate chapter 7 cases.

**5.** *Hartford Provision* focused on the Connecticut personal property attachment provisions which

beit by a divided panel) held that a creditor's attachment lien was sufficiently choate after judgment had been obtained to have priority over the federal tax lien, notwithstanding the fact that no action to enforce the judgment had been taken before the IRS filed its notice.[6] The court reasoned:

> In order to accomplish its purpose, the attachment must continue in effect for a period of time following entry of judgement. In Connecticut, the period is sixty days. Section 52–328 provides, in part, that "[n]o estate which has been attached shall be held to respond to the judgment ... unless the judgment creditor takes out an execution and has it levied on the personal estate attached ... within sixty days after final judgment." ... In the case before us, the sixty day period had not expired prior to the filing of the government's lien, and the appellee's lien had not "perished".

*Id.* at 10 (citations omitted). The court concluded that "[w]hen appellant secured its judgment herein, the 'identity of the lienor, the property subject to the lien, and the amount of the lien' were all established; the lien was choate. In arguing to the contrary, the government is simply confusing 'perfection' with 'enforcement'." *Id.* at 10–11. *Accord In re Eabco, Inc.*, 108 B.R. 61 (W.D.Pa.1989).

## IV.

## CONCLUSION

*Hartford Provision* is sufficiently analogous to the facts in this proceeding to mandate the ruling on the motion before the court. An attachment lien is perfected upon entry of final judgment, and the subsequent action of recording a judgment lien is an act of enforcement. Accordingly, the Meriden Box lien is determined to be prior in right to the IRS lien in entitlement to the applicable proceeds held by the trustee. It is

SO ORDERED.

---

mirror for the most part the real estate provisions. The difference is that a sixty-day period is granted the creditor after final judgment to take out an execution and levy on the personal property attached rather than the four-month period permitted to record a judgment lien in the case of real estate.

**6.** Neither Meriden Box nor the IRS refers to *Hartford Provision* in their memoranda.